# FRANKLIN HARRIS, Plaintiff/Appellant

## v.

## NO. 1 CONTRACTING CORP., EXCAVATION CONSTRUCTING CORP., d/b/a A JOINT VENTURE, and S & C CORPORATION, Defendants/Appellees

District Court No. 1987/273

Territorial Court Civil No. 1982/249

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 3, 1988

DAVID W. IVERSON, ESQ., St. Thomas, V.I., *for appellant*

O'BRIEN, *Presiding Judge*; BROTMAN, *District Judge* and CABRET, *Territorial Judge*

## PER CURIAM

The appellant Harris ("Harris") was an employee of Appellee S & C Corporation ("S & C"). He was injured at a construction site and applied for Workmen's Compensation benefits which were initially granted in October and November, 1981. It was later discovered that S & C was not insured under the statute. Harris then elected to sue S & C under the provisions of 24 V.I.C. § 261(b)(1). S & C initially sought dismissal, which was refused by one judge on June 11, 1982. Four years later, S & C sought dismissal before another judge who had taken the case over, and this was granted. The holding was that because Harris had sought benefits in October and November 1981, he had made his election and could not change his mind later and sue his employer.

S & C did not file a brief as appellee. The other defendants were granted dismissals and Harris has not challenged those dismissals, which were on other grounds, in this appeal. Thus the sole issue we decide is whether the case against S & C should have been dismissed.

We find that it should not have been dismissed. We reverse and remand for further proceedings consistent with this opinion.

## DISCUSSION

The trial court's dismissal of Harris' claim against his employer is based on several decisions of the Department of Labor. Those decisions were issued between October 22, 1981 and November 17, 1981. They were premised, as is clear from their content, on the basis that S & C was an insured employer. Subsequent events disclosed that in fact S & C was not insured, and Harris never received benefits.

It mystifies us how the trial judge could decide that Harris made an election in favor of Workmen's Compensation benefits and against a direct action of his employer, based on these decisions. This is because at the time, Harris did not know his employer was uninsured. Thus, he was not in a position to decide between two options. He thought at the time he had only one option, i.e., to obtain benefits from his employer on the belief that his employer was insured.

The only election which Harris made after being confronted with the two options was the one which resulted in this law suit. That is to say, he decided to sue his employer as he was entitled. For this reason, we will reverse the order of the Territorial Court dismissing this matter, and remand the case to that court for further proceedings as between these two parties. The dismissal as to other defendants will stand.

## JUDGMENT

THE COURT having filed its per curiam opinion of even date herewith, it is

ORDERED and ADJUDGED:

THAT the order of the Territorial Court dismissing plaintiff/appellant's complaint against S & C Corporation is hereby REVERSED, and the matter remanded for further proceedings consistent with the opinion and this order.