# BEACHSIDE ASSOCIATES, LLC, Appellant/Plaintiff
## v.
# YEHUDA FISHMAN, et al., Appellees/Defendants

S. Ct. Civ. No. 2009-0023

Supreme Court of the Virgin Islands

July 30, 2010

702

GREGORY H. HODGES, Dudley, Topper and Feuerzeig, LLP, St. Thomas, USVI, *Attorney for Appellant.*

JAMES M. DERR, ESQ., St. Thomas, USVI, *Attorney for Appellee Yehuda Fishman.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and HODGE, *Designated Justice*.[1]

## OPINION OF THE COURT

(July 30, 2010)

HODGE, C.J. Appellant, Beachside Associates, LLC ("Beachside"), appeals from the Superior Court's December 17, 2008 order, which denied Beachside's motion to reconsider the October 14, 2008 Order granting the motion to dismiss and quash service of process filed by Appellee, Yehuda Fishman ("Fishman").[2] For the reasons which follow, we will vacate the Superior Court's October 14, 2008 order of dismissal, vacate as moot the December 17, 2008 order denying reconsideration, and remand this matter to the trial court to determine whether a discretionary extension of time for service of process is warranted under the circumstances of this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of a civil action filed by Beachside on March 28, 2007 against Fishman and seven other defendants for injunctive relief, declaratory relief, and damages. In an Affidavit of Service filed with the Superior Court on October 16, 2007, a process server averred that he had served Fishman, a resident of New York, with a copy of Beachside's

---

[1] Associate Justice Ive Arlington Swan has been recused from this matter. Verne A. Hodge, a retired Presiding Judge of the Superior Court, sits in his place by designation pursuant to V.I. CODE ANN. tit. 4 § 24(a).

[2] Although this matter includes multiple defendants at the trial level, the orders appealed to this Court concern only Fishman, who is the sole party appearing as an appellee on appeal.

complaint on May 24, 2007 at Fishman's "dwelling place" in New York "[b]y affixing a true copy . . . to the door of the said premises" and by mailing a copy to the same address. Additionally, the process server swore in a second Affidavit of Service that he had served a copy of the complaint at Fishman's New York law office on the same date and time and in the same manner.

On December 3, 2007, Fishman — specially appearing through counsel — moved to quash service of process and dismiss Beachside's action without prejudice on grounds that the service of process did not comport with New York law. Instead of filing an opposition to Fishman's motion or seeking leave of court, Beachside undertook to re-serve Fishman. An Affidavit by a new process server indicates that numerous attempts to serve Fishman at his New York residence were made in February and March 2008 but that access to Fishman's building was denied each time by a doorman. On March 14, 2008, the process server served a copy of Beachside's complaint on a person he believed to be the doorman, and a copy was mailed to the same address on the same date.

On May 23, 2008, Fishman — again specially appearing through counsel — filed a second motion to quash service and dismiss. On July 22, 2008, the trial court ordered Beachside to submit a response to Fishman's motion to quash service of process, and Beachside filed an opposition to Fishman's *second* motion to quash service and dismiss the action on August 5, 2008. On the same date, Beachside filed its Motion for Extension of Time *Nunc Pro Tunc* to Serve Yehuda Fishman, wherein Beachside argued that good cause existed for an extension of time because its process server had made numerous attempts to serve Fishman at his residence and his office prior to finally completing service on Fishman's doorman. Fishman replied to Beachside's opposition to the motion to quash and dismiss on August 26, 2008 and, thereafter, filed an opposition to Beachside's motion for an extension of time on September 4, 2008. On September 12, 2008, Beachside filed its reply to Fishman's opposition to the motion for extension of time.

On October 14, 2008, the trial court entered an order which granted Fishman's first motion to quash and dismiss, denied Beachside's motion for extension of time, and denied as moot Fishman's second motion to quash and dismiss. In support of its decision to dismiss without prejudice, the trial court held that the May 24, 2007 service of process did not comport with New York or Virgin Islands law and that "the [c]ourt cannot

find good cause exists to extend the time to serve [ ] Fishman." (Order, 7, Oct. 14, 2008.)

Beachside filed a Motion for Reconsideration on October 28, 2008, arguing therein that the trial court failed to determine, as required by Federal Rule of Civil Procedure ("FRCP") 4(m), whether a discretionary extension was appropriate despite the lack of good cause. Additionally, the motion for reconsideration argued that such a discretionary extension of time for service should have been granted because the statute of limitations may bar the refiling of Beachside's claims. Beachside also argued that the trial court erred in finding a lack of good cause because its process servers used due diligence in trying to personally serve Fishman numerous times in April-May 2007. Fishman opposed the motion for reconsideration on November 12, 2008, arguing that the evidence of attempts to personally serve him in April-May 2007 was not newly-discovered evidence and that the trial court conducted the proper FRCP 4(m) analysis before denying the motion for extension of service. Beachside filed a reply on November 26, 2008.

On December 17, 2008, the trial court entered an order denying Beachside's motion for reconsideration, holding that the affidavits attached to the motion showing numerous attempts to personally serve Fishman in 2007 did not constitute newly-discovered evidence. The trial court also held that the October 14, 2008 order granting dismissal was not clearly erroneous or manifestly unjust because "the [c]ourt found that good cause did not exist . . . and the [c]ourt is not *required* to consider the statute of limitations when determining whether to grant a *discretionary* extension of time." (Order, 5-6, Dec. 17, 2008.) (Emphases in original).

Beachside filed a notice of appeal on January 15, 2009.

## II. DISCUSSION

### A. Jurisdiction

 ██ The Superior Court had jurisdiction over this civil matter pursuant to V.I. CODE ANN. tit. 4 § 76(a). This Court has "jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." 4 V.I.C. § 32(a) (Supp. 2008). "The general rule is that a decision is considered final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Est. of George v. George,* 50 V.I. 268, 274 (V.I. 2008)

(quoting *Berke v. Bloch*, 242 F.3d 131, 134 (3d Cir. 2001)). As we explained in *Enrietto v. Rogers Townsend & Thomas PC*,

> [t]he final judgment rule promotes efficient judicial administration and emphasizes the deference appellate courts owe to trial court decisions on the many questions of law and fact that arise before judgment. Another purpose of the rule is to avoid the delay that inherently accompanies time-consuming interlocutory appeals. Immediate review of every trial court ruling, while permitting more prompt correction of erroneous decisions, would impose unreasonable disruption, delay, and expense. It would also undermine the ability of trial court judges to supervise litigation. The rule, therefore, is intended to delay immediate review of many interlocutory trial court decisions and avoid piecemeal appellate review of trial court decisions which do not terminate the litigation.

49 V.I. 311, 315 (V.I. 2007).

In this case, Beachside brought a civil action against Fishman and seven other defendants. However, the Superior Court's October 14, 2008 order,[3] which is currently on appeal to this Court, dismissed Beachside's

---

[3] Beachside admits that it did not state in its notice of appeal that it was appealing from the underlying October 14, 2008 order. At the time of Beachside's appeal to this Court, "Supreme Court Rule 5(a)(4) provide[d] that, in order to toll the time to appeal from the underlying order, a party making a motion for reconsideration must file that motion within ten days after entry of the order to be reconsidered." *Bernhardt v. Bernhardt*, 51 V.I. 341, 346 (V.I. 2009). Here, Beachside properly tolled the time to appeal from the underlying order because the underlying order was entered on October 14, 2008 and Beachside's motion for reconsideration was filed October 28, 2008. Nevertheless, we will not assert jurisdiction over an unspecified underlying order unless "there is a connection between the specified and unspecified order, the intention to appeal the unspecified order is apparent and the opposing party is not prejudiced and has a full opportunity to brief the issues." *Id.* at 346-47. First, there is a clear connection between the two orders because the specified order sought reconsideration of the unspecified order. Second, it is apparent that Beachside intended to appeal the underlying order because its notice of appeal states that one issue for appeal is the correctness of the trial court's good cause determination, which was the subject of the underlying order. Finally, it is obvious that there is no prejudice to Fishman as his brief fully addresses the merits of any issues relating to the underlying order. Accordingly, Beachside's failure to specifically state in its notice of appeal that it is appealing from the underlying order is harmless error. *See id.* at 347 (citing *Matute v. Procoast Navigation, Ltd.*, 928 F.2d 627, 630 (3d Cir. 1991)).

claims only as to Fishman.[4] As Beachside's action remains pending against several other defendants, it is clear that the trial court's October 14, 2008 order did not terminate the litigation on the merits, and, thus, is not a final order.

 Nevertheless, Beachside contends that we have jurisdiction over this appeal either pursuant to 4 V.I.C. § 33(b) or pursuant to the collateral order doctrine. Title 4, section 33(b) confers authority upon this Court to review "[i]nterlocutory orders of the Superior Court of the Virgin Islands . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions" and "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." Contrary to Beachside's argument, 4 V.I.C. § 33(b)(1) is not applicable to the case at bar. Although Beachside's underlying action sought, as one form of relief, an injunction against Fishman, the trial court's October 14, 2008 order merely dismissed Beachside's claims against Fishman due to the lack of timely service of process and did not address the merits of Beachside's request for injunctive relief. *See, e.g., Commodity Futures Trading Comm'n v. Preferred Capital Inv. Co.,* 664 F.2d 1316, 1318 (2d Cir. 1982) ("Our jurisdiction, generally limited to appeals from final decisions, extends to appeals from interlocutory orders refusing injunctions. A decision to dismiss one party from a suit seeking an injunction against several parties . . . is not an order refusing an injunction against the dismissed party. We, therefore, lack jurisdiction over this appeal from such an interlocutory order."); *Art Movers, Inc. v. Ni West, Inc.,* 3 Cal. App. 4th 640, 4 Cal. Rptr.2d 689, 692-93 (1992) ("Code of Civil Procedure section 904.1, subdivision (f) . . . provide[s] [that] . . . [a]n order granting or dissolving an injunction or refusing to grant or dissolve an injunction is immediately and separately appealable. The statute refers to an 'injunction' and does not limit or further define the word. The statute makes no distinction between pendente lite injunctions, such as

---

[4] As neither party addressed in their briefs the apparent lack of finality in the trial court's October 14, 2008 order, this issue was not brought to this Court's attention until it was raised by Beachside's counsel at oral argument. As a result, we ordered both parties to submit a supplemental brief concerning this Court's jurisdiction over this matter. Both parties submitted timely jurisdictional briefs.

preliminary injunctions, temporary restraining orders, stays pending appeal, and permanent injunctions. The issue in this case is whether [the statute] should be applied to an interlocutory order dismissing a cause of action for permanent injunctive relief. . . . [W]e conclude that the better rule is to hold that such orders are not separately appealable but may be reviewed upon appeal from the final judgment.").

■ Therefore, if this Court is to properly exercise jurisdiction over Beachside's appeal, it must be pursuant to the collateral order doctrine. In *Enrietto*, we considered the collateral order doctrine and observed that,

> [u]nder the collateral order doctrine, the [United States] Supreme Court "recognized an exception to the final judgment rule for a 'small class' of prejudgment orders which 'finally determine claims of right separable from, and collateral to, rights asserted in the action, [and are] too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' " *Richardson-Merrell*, 472 U.S. at 430, 105 S. Ct. at 2761 (quoting *Cohen*, 337 U.S. at 546, 69 S. Ct. at 1225). Like the rule allowing for immediate appeal of interlocutory injunctive orders, the collateral order doctrine is a " 'narrow exception' " to the final judgment rule. *Richardson-Merrell*, 472 U.S. at 430, 105 S. Ct. at 2761 (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669, 673, 66 L. Ed. 2d 571 (1981)). "To fall within the exception, an order must at a minimum satisfy three conditions . . . ." *Richardson-Merrell*, 472 U.S. at 431, 105 S. Ct. at 2761. First, it " 'must conclusively determine the disputed question' "; second, it must " 'resolve an important issue completely separate from the merits of the action' "; and third, it must " 'be effectively unreviewable on appeal from a final judgment.' " *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454, 2458, 57 L. Ed. 2d 351 (1978)).

*Enrietto*, 49 V.I. at 319 (second alteration in original).

■ Fishman maintains in his supplemental brief that this Court should decline to invoke the collateral order doctrine in this case because the issues raised on appeal do not involve a question of controlling law and can be adequately addressed after a final judgment is entered in the

underlying action as to all remaining defendants.[5] We disagree. The trial court's October 14, 2008 dismissal for lack of timely service was based upon the court's interpretation of whether FRCP 4(m) requires the court to consider if a discretionary extension of time is appropriate despite the lack of good cause. Thus, it is clear that the October 14, 2008 and December 17, 2008 orders resolve an important issue separate from the merits of the underlying action and conclusively determine a disputed question. *See, e.g., FirstBank Puerto Rico v. Jaymo Props., LLC,* 379 Fed. Appx. 166, 169 (3d Cir. 2010) (unpublished) ("FirstBank's appeal presents an issue separate from the underlying merits, because the District Court's denial of FirstBank's motion for entry of default judgment was based solely on its interpretation of the procedural requirements of Rule 55. As a result, the District Court's order conclusively determines the disputed issue as to the meaning of Rule 55, and as to whether the entry of default judgment was proper."). Furthermore, this issue will likely evade review if we require a plaintiff to wait until after the trial court has resolved the underlying action as to all remaining defendants. As Beachside aptly notes, plaintiffs being subject to relatively brief statute of limitation periods will in all reasonable likelihood re-file their actions in the Superior Court rather than wait to seek appellate review until the underlying litigation has concluded, thereby risking expiration of the limitations period. Moreover, until this Court resolves this issue, the trial court may continue to dismiss actions for lack of timely service of process based upon the same potentially erroneous legal interpretation of FRCP 4(m) employed by the trial court in this case. *See, generally, Mohawk Indus., Inc. v. Carpenter,* ___ U.S. ___, 130 S. Ct. 599, 605, 175 L. Ed. 2d 458 (2009) ("[T]he third . . . [factor] simply cannot be answered without a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement. . . . [T]he decisive consideration is whether delaying review until the entry of final judgment would imperil a substantial public interest . . . ." (internal quotations omitted). Accordingly, we conclude that we have jurisdiction

---

[5] Significantly, however, counsel for Fishman urged this Court at oral argument to assume jurisdiction over this appeal at this time, because Fishman would be at an unfair disadvantage if required to wait until the underlying action had concluded as to all remaining defendants and then, having received an adverse ruling on appeal, was required to litigate the action independently at a later date.

to consider Beachside's appeal from the Superior Court's October 14, 2008 and December 17, 2008 orders pursuant to the collateral order doctrine.[6]

## B. Standards of Review

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the trial Superior Court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel,* 49 V.I. 322, 329 (V.I. 2007). "The appropriate standard of review for the denial of a motion to reconsider is generally abuse of discretion but, if the trial court's denial was based upon the interpretation or application of a legal precept, then review is plenary." *Worldwide Flight Servs. v. Gov't,* 51 V.I. 105, 108 (V.I. 2009) (internal quotations omitted). Additionally, our review of the trial court's determination under Federal Rule of Civil Procedure 4(m) is only for an abuse of discretion. *See MCI Telecomms. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1098 (3d Cir. 1995); *see also Laurence v. Wall,* 551 F.3d 92, 94 (1st Cir. 2008); *Zapata v. New York,* 502 F.3d 192, 195 (2d Cir. 2007); *Lepone-Dempsey v. Carroll County Comm'rs,* 476 F.3d 1277, 1280 (11th Cir. 2007); *Nafziger v. McDermott Intern., Inc.,* 467 F.3d 514, 522 (6th Cir. 2006); *Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir. 2002); *In re Sheehan,* 253 F.3d 507, 512-13 (9th Cir. 2001); *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887-88 (8th Cir. 1996); *Espinoza v. United States,* 52 F.3d 838, 840 (10th Cir. 1995); *Shao v. Link Cargo (Taiwan) Ltd.,* 986 F.2d 700, 708 (4th Cir.1993) (construing predecessor to Rule 4(m)).

## C. The Trial Court Did Not Abuse Its Discretion in Finding that Good Cause Did Not Exist for Extending the Time for Service of Process

As one issue on appeal, Beachside argues that the trial court erred in concluding that it had not established good cause for an extension of time

---

[6] Mindful that the collateral order doctrine is to be modestly applied, we note that our application of the doctrine in this case should not be construed as a holding that this Court will invoke the doctrine in every case in which a plaintiff receives an adverse ruling under FRCP 4(m). It is only because this Court has not previously interpreted FRCP 4(m) that the first and second elements of the collateral order doctrine are satisfied in this case.

for service of process. Specifically, Beachside contends that the trial court should have granted its motion for extension of time because Beachside's multiple attempts to personally serve Fishman demonstrated good cause. Additionally, Beachside argues on appeal that the trial court erred in failing to reconsider its October 14, 2008 good cause determination.

Pursuant to Superior Court Rule 27(b), "[t]he summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of Civil Procedure . . . ." In turn, FRCP 4(m) provides that,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — *must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .*

(Emphasis added).[7]

### 1. *Motion for Extension of Time*

In concluding that Beachside's motion for extension of time did not establish good cause, the trial court considered three factors: the reasonableness of Beachside's efforts to serve Fishman, the prejudice to Fishman due to the lack of timely service, and the timeliness of Beachside's motion for extension of time. Specifically, the trial court found that Beachside's arguments concerning its multiple attempts at personally serving Fishman in January-March 2008 did not establish good cause for an extension because those attempts were made long after the expiration of FRCP 4(m)'s 120-day period. Additionally, the trial court

---

[7] FRCP 4(e) requires that a plaintiff follow the law of service in the state where the service is made. The trial court concluded, and Beachside does not challenge on appeal, that New York law — particularly N.Y.C.P.L.R. 308(4) — governed the proper method of service in this case. In New York, N.Y.C.P.L.R. 308(4) — also known as the "Nail and Mail" statute — provides that a defendant may not be served in the "Nail and Mail" manner unless personal service in accordance with N.Y.C.P.L.R. 308(1) or (2) cannot be made with "due diligence." In its October 14, 2008 order quashing service of process, the trial court held that Beachside's service upon Fishman was improper because the affidavits of service failed to demonstrate that Beachside had exercised due diligence in attempting to personally serve Fishman before utilizing the "Nail and Mail" statute.

found that Fishman had actual notice of Beachside's action and, thus, was not prejudiced by the lack of timely service. Moreover, the trial court found that Beachside had not offered any excuse for failing to move for an extension of time until approximately nine months after Fishman filed his first motion to quash and dismiss.

In reviewing the trial court's good cause determination, we are mindful that courts have "equated [FRCP 4(m)'s] 'good cause' with the concept of 'excusable neglect' of [FRCP] 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.' " *MCI Telecomms. Corp.,* 71 F.3d at 1097 (quoting *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1312 (3d Cir. 1995)); *see also Turner v. City of Taylor,* 412 F.3d 629, 650 (6th Cir. 2005); *McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir. 1998); *Adams,* 74 F.3d at 887; *Boudette v. Boudette,* 923 F.2d 754, 75-56 (9th Cir. 1991). Importantly, the "absence of prejudice alone can never constitute good cause to excuse late service;" "while the prejudice may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *MCI Telecomms. Corp.,* 71 F.3d at 1097.

Although the trial court's finding that Fishman was not prejudiced by the late service weighs in Beachside's favor, Beachside's reason for not serving Fishman within the 120-day period is of paramount importance. However, as the trial court aptly noted, Beachside's motion for an extension of time detailed Beachside's multiple attempts to personally serve Fishman in January — March 2008 but wholly failed to explain why Beachside had not been able to effectuate service of process prior to July 26, 2007 — the date of the expiration of FRCP 4(m)'s 120-day period. As the language of FRCP 4(m) expressly provides, it is the plaintiff's burden to show good cause. Therefore, because Beachside failed to provide the trial court with some reasonable basis for its failure to serve Fishman within the time specified by FRCP 4(m), we hold that the trial court did not abuse its discretion in finding in its October 14, 2008 Order that Beachside had not established good cause for an extension under FRCP 4(m).

### 2. *Motion for Reconsideration*

Following the trial court's October 14, 2008 order, which granted Fishman's motion to quash service and dismissed the action, Beachside

filed a motion for reconsideration in which Beachside maintained that the trial court had erred in finding that it had not shown good cause for an extension of time to serve Fishman. However, unlike in its motion for extension of time, Beachside's motion for reconsideration stated for the first time that process servers had attempted to personally serve Fishman numerous times in April 2007 — *prior* to the expiration of the 120-day period. Beachside attached to *its* motion for reconsideration a sworn affidavit listing the particular dates on which the process server had attempted personal service on Fishman. The trial court's December 17, 2008 order denying Beachside's motion for reconsideration, pursuant to former Rule 7.0.3[8] of the District Court's Local Rules of Civil Procedure, concluded that the assertions in Beachside's affidavit were not newly-discovered evidence and, thus, not grounds for reconsideration.

In *Ruiz v. Jung,* this Court analyzed the legal standards applicable to motions for reconsideration:

 In determining the appropriate standard that should have governed the [trial] court's consideration of the motion to reconsider, we turn first to Superior Court Rule 50, which provides:

> For good cause shown, the court, upon application and notice to the adverse party, may set aside an entry of default, judgment by default or judgment after trial or hearing. *Rules 59 to 61, inclusive, of the Federal Rules of Civil Procedure shall govern such applications.*

SUPER. CT. R. 50 (emphasis added); *see also Chavayez v. Buhler,* Civ. No. 2007-060, 2009 V.I. Supreme LEXIS 26, *30 (June 25, 2009) (unpublished). Thus, Superior Court Rule 50 explicitly incorporates Federal Rule of Civil Procedure 59(e), which governs motions to alter or amend a judgment, and Federal Rule of Civil Procedure 60(b), which governs motions for relief from a final judgment or order. If a *motion for reconsideration is brought within ten days of the order to be reconsidered, the motion is to be treated as a Federal Rule 59(e) motion to alter or amend judgment. If the motion is brought after ten days, however, the trial court should consider the motion to reconsider as one brought pursuant to Federal Rule 60(b). Compare Chavayez,*

---

[8] Local Rule 7.0.3 is now Local Rule 7.3.

2009 V.I. Supreme LEXIS 26, at *4 (motion for reconsideration filed within ten days of entry of judgment considered a Rule 59(e) motion), *with Lucan Corp., Inc.,* 2008 V.I. Supreme LEXIS 19, *9 (because motion for reconsideration filed sixteen days after entry of judgment, trial court should have considered it a Rule 60(b) motion). *Accord Ahmed v. Dragovich,* 297 F.3d 201, 209 (3d Cir.2002) ("Where . . . the motion is filed outside of the ten days provided for under Rule 59(e) but within the year permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion.").

Civ. No. 2008-035, 2009 V.I. Supreme LEXIS 43, *9 (V.I. Oct. 19, 2009) (unpublished). As noted above, Beachside's motion for reconsideration was filed on the tenth day — excluding weekends and holidays following entry of the underlying judgment. Thus, Rule 59(e) is applicable to this case.

 ██ "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."[9] *Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010). Importantly, new evidence is not grounds for reconsideration under Rule 59(e) if the evidence was previously available, i.e. not newly discovered. *See, e.g., North River Ins. Co. v. CIGNA Reins. Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995); *Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1180 (7th Cir. 1992). Here, Beachside's affidavit demonstrating that several attempts were made to personally serve Fishman prior to the expiration of the 120-day period cannot be considered newly discovered. As the trial court properly concluded, the process server's attempts to serve Fishman prior to July 26, 2007 were known to Beachside previously. Thus, Beachside could have obtained and filed such affidavits in response to Fishman's first motion to quash service and dismiss the action. Therefore, we hold that the trial court did not abuse its discretion in denying Beachside's request that the trial court reconsider its good cause determination.

---

[9] Although the trial court improperly cited to Local Rule 7.0.3, the grounds for seeking reconsideration under the Local Rule are identical to those for seeking reconsideration under FRCP 59(e).

Accordingly, we conclude that there was no abuse of discretion with respect to the trial court's good cause determination in its October 14, 2008 order or its December 17, 2008 order.

## D. The Trial Court Abused Its Discretion When It Failed to Determine Whether Beachside Was Entitled to a Discretionary Extension of Time for Service of Process

In support of its motion for reconsideration of the trial court's October 14, 2008 order, Beachside argued that the court had failed to determine whether Beachside was entitled to a discretionary extension of time despite the lack of good cause. In its December 17, 2008 order denying reconsideration, the trial court stated that it had, in its earlier order, "found good cause did not exist for an extension of time to serve [Fishman] and . . . was not *required* to consider the statute of limitations when determining whether to grant a *discretionary* extension of time." (Emphases in original). On appeal, Beachside argues that the trial court's failure to determine whether a discretionary extension was appropriate constitutes an abuse of discretion. In addition, Beachside contends that a discretionary extension of time for service was appropriate in this case because the statute of limitations may bar the re-filing of its claims.[10] In contrast, Fishman argues that the trial court properly considered and rejected Beachside's argument that a discretionary extension was warranted.

 As stated above, if a plaintiff fails to serve the defendant within 120 days, the trial court "must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*[, b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FRCP 4(m) (emphasis added). Significantly, a majority of the federal courts of appeal that have addressed this issue have held that a trial court, after finding that good cause does not exist for a mandatory extension, *must* consider whether any additional factors warrant granting a permissive or discretionary extension of time. *See, e.g., Petrucelli*, 46 F.3d at 1307-08 ("[T]he district court must consider whether any other factors warrant

---

[10] We note that, following dismissal by the trial court, Beachside re-filed its claims against Fishman and that a motion to dismiss on statute of limitations grounds remains pending in the Superior Court.

extending time even though good cause was not shown. . . . [W]e will remand this issue to the district court to exercise its discretion as to whether the case should be dismissed or an extension of time granted within which service of process can be effected."); *Lepone-Dempsey,* 476 F.3d at 1282 ("The district court's decision to dismiss this case without prejudice for failure to timely effect service was premature, as it did not clearly consider, after finding that the plaintiffs failed to demonstrate good cause, whether a permissive extension of time was warranted under the facts of this case. . . . Therefore, we reverse the order of the district court and remand the case for reconsideration in light of this opinion."); *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 341 (7th Cir. 1996) ("The district court here did not clearly consider, in the absence of good cause, whether a permissive extension of time for service was warranted under the facts of this case. . . . Therefore, the judgment of the district court is reversed. We remand the case to the very able district judge for reconsideration in light of this opinion."); *Espinoza,* 52 F.3d at 841 ("[W]e follow the Third Circuit by holding that district courts should proceed under the new rule in the following manner: The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. . . . If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service."). *But see Zapata,* 502 F.3d at 197 (holding that the Second Circuit does not require the mechanical application of the two-step process adopted by several other federal courts of appeal).

 In this case, the trial court concluded that it was not required to consider whether Beachside was entitled to a permissive extension of time. In its December 17, 2008 order denying reconsideration, the trial court cited to *Petrucelli* for the proposition that the court *may* consider, after finding that good cause does not exist, whether the running of the statute of limitations or other factors warrant an extension of time. However, *Petrucelli* expressly states that the trial court *"must* consider whether any other factors warrant extending time even though good cause was not shown." *Petrucelli,* 46 F.3d at 1307 (emphasis added). In other words, the trial court has discretion as to whether it will ultimately grant or deny a permissive extension under FRCP 4(m) but the court lacks

717

discretion to refuse to at least consider the appropriateness of such an extension.

 According to the Advisory Committee Notes to FRCP 4(m), a discretionary extension of time for service of process "may be justified . . . if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." As Fishman correctly notes on appeal, the trial court may still deny a discretionary extension of time even if the statute of limitations would bar a plaintiff from re-filing its claims. *See, e.g., id.,* 46 F.3d at 1306 ("We emphasize that the running of the statute of limitations does not require the district court to extend time for service of process."); *Boley,* 123 F.3d at 759 ("The district court, of course, retains discretion to refuse to extend time, even if the statute of limitations has run.") Nevertheless, contrary to the trial court's conclusion, it is essential that the court at least consider that factor in its permissive extension analysis. *See, e.g., Lepone-Dempsey,* 476 F.3d at 1282 ("Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor."); *Panaras,* 94 F.3d at 341 ("The running of the statute of limitations does not require that a district court extend the time for service of process under the new rule. . . . But because the statute of limitations . . . would bar a new complaint in this case, . . . it was incumbent upon the district court to fully consider this factor."). However, our review of the trial court's October 14, 2008 and December 17, 2008 orders reveals that the Superior Court failed to conduct any such analysis with respect to whether Beachside was entitled to a permissive extension.[11]

 Given the circumstances of this case, had the trial court properly considered whether the statute of limitations would bar the re-filing of Beachside's claims and whether there was evidence that Fishman may have been evading service,[12] it might have concluded that

---

[11] Although the trial court considered several factors in its October 14, 2008 order, those factors were relevant only to the court's good cause analysis.

[12] We note that, in this case, Beachside's affidavit avers that it made numerous attempts to personally serve Fishman both at his New York residence and at his New York law offices. Additionally, Beachside asserts that Fishman listed several incorrect addresses for his law

a permissive extension of time was appropriate. *See Boley*, 123 F.3d at 759 ("Because we do not know what choice the district court would have made had it correctly considered the relevant factors bearing on the exercise of discretion we vacate the order and remand for further proceedings consistent with this opinion."). Mindful that "it is preferred that cases be decided on the merits and [that] any doubts should be resolved in favor of this preference," *Spencer v. Navarro*, Civ. No. Civ. No. 2007-069, 2009 V.I. Supreme LEXIS 25, *8 (V.I. Apr. 8, 2009) (unpublished), we conclude that the trial court abused its discretion when it failed to properly analyze whether a permissive extension of time was warranted despite the lack of good cause. *See Rivera-Mercado v. General Motors Corp.*, 51 V.I. 307, 330 (V.I. 2009) (Swan, J., concurring) ("It is axiomatic that when a court with discretion fails to balance the pertinent factors required for it to properly exercise that discretion, such failure constitutes an abuse of discretion.").[13]

## III. CONCLUSION

Because Beachside's motion for extension of time did not provide the trial court with some reasonable basis for its failure to serve Fishman within the time specified by FRCP 4(m) and because the affidavits attached to Beachside's motion for reconsideration were not newly-discovered, we hold that the trial court did not commit an abuse of

offices on the New York State Unified Court System database. As a result, Beachside argues that its attempts to personally serve Fishman at his place of business were consistently thwarted. Moreover, Beachside contends that Fishman was aware that Beachside was attempting to serve him with its complaint because several co-defendants, who serve on a board of directors with Fishman and are represented by the same counsel as Fishman, had been timely served by Beachside. Beachside maintains that these circumstances "strongly suggest[ ] that Fishman actively avoided service." (Appellant's Br. 16.) We further note that Beachside's reply to Fishman's opposition to reconsideration contained an exhibit indicating that Fishman has similarly sought dismissal on the basis of improper service in a separate, unrelated civil action. (J.A. at 288-304.) However, as it is the task of the trial court to consider these factors in the first instance, we express no opinion at this time as to whether Fishman was in fact evading service of process.

[13] As its final issue on appeal, Beachside maintains that the trial court abused its discretion in failing to conduct an evidentiary hearing to resolve conflicts in certain affidavits submitted by Beachside and Fishman concerning service of process. However, because we find an abuse of discretion in the trial court's FRCP 4(m) analysis and will vacate both of the orders appealed to this Court as a consequence thereof, it is unnecessary to address this issue at this time.

discretion with respect to its good cause determination. However, we hold that the trial court abused its discretion when it failed to analyze and determine whether Beachside is entitled to a permissive extension of time despite the lack of good cause for a mandatory extension. Accordingly, we vacate the trial court's October 14, 2008 order dismissing Beachside's action, vacate as moot the December 17, 2008 order denying Beachside's motion for reconsideration, and remand this matter for the trial court to consider whether the statute of limitations and any other appropriate factors[14] warrant the granting of a discretionary extension of time.

---

[14] We do not decide at this time what other factors, in addition to those discussed in FRCP 4(m)'s advisory committee notes, the Superior Court may consider in its permissive extension analysis. *Accord Petrucelli,* 46 F.3d at 1298 n.8 ("We express no opinion as to what factors, in addition to those listed in the Advisory Committee note, a district court may consider when deciding whether to extend time for service or dismiss a case.").