**BERYL BERTRAND, as Administratrix of The Estate of JACQUES-PIERRE BERTRAND, Plaintiff**

**v.**

**CORDINER ENTERPRISES, INC. d/b/a CORDINER AND ASSOICATES; MICHAEL P. CORDINER; MYSTIC GRANITE AND MARBLE, INC.; ISLAND TILE AND MARBLE, LLC d/b/a VIRGIN ISLANDS GRANITE AND & MARBLE; AND ABACO MACHINES USA, INC., Defendants**

Civil No. ST-08-CV-457

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

June 24, 2011

269

270

DAVID A. BORNN, ESQ.; ADAM THORP, ESQ., The Bornn Firm, P.L.L.C., St. Thomas, USVI, *Counsel for Plaintiff.*

PAUL M. PLATTE, ESQ., Rogers, Townsend & Thomas, PC, St. Thomas, USVI, *Counsel for Plaintiff.*

SIMONE FRANCIS, ESQ.; DAVID J. CATTIE, ESQ., Ogletree, Deakins, Nash, Smoat & Stewart, P.C., St. Thomas, USVI, *Counsel for Defendant Michael Cordiner and Cordiner Enterprises, Inc.*

W. MARK WILCZYNSKI, ESQ.; RUSSELL PATE, ESQ., Law Office of Wilczynski & Garten P.C., St. Thomas, USVI, *Counsel for Defendants Island Tile & Marble, LLC and Michael Cordiner.*

RICHARD H. DOLLISON, ESQ., Stryker, Duensing, Casner & Dollison, St. Thomas, USVI, *Counsel for Defendant Abaco Machines USA, Inc.*

CARL A. BECKSTEDT III, ESQ.; EMILY SHOUP, ESQ., Bryant, Barnes, Beckstedt & Blair LLP, Christiansted, USVI, *Counsel for Defendant Mystic Granite and Marble, Inc.*

CARROLL, *Judge*

## MEMORANDUM OPINION

(June 24, 2011)

Plaintiff Beryl Bertrand ("Plaintiff) moves this Court to reconsider two of its Orders. First, she asks the Court to reconsider an Order dismissing former Defendant Island Tile and Marble, LLC. Second, Plaintiff requests that the Court reconsider its Order holding that Michael Cordiner is immune from liability by operation of the exclusivity provision in the workers' compensation statute. Because the Court holds that Island Tile would have been an uninsured employer at the time of the accident if the

facts asserted by Plaintiff are true, Plaintiff may pursue its claims against both Island Tile and Cordiner. To that end, Plaintiff will be directed to amend her Complaint.

## FACTUAL AND PROCEDURAL HISTORY

On April 17, 2008, Jacques-Pierre Bertrand ("Bertrand") was injured while working for Island Tile. He died of those injuries on April 29, 2008. Originally Plaintiff brought suit against not only the Defendants named above but also against Island Tile.

On March 9, 2009, Plaintiff and Island Tile filed a Stipulation of Dismissal, agreeing to dismiss all of Plaintiff's claims against Island Tile. On March 30, 2010, the Court approved the Stipulation, noting that no party had objected to it, and dismissed all of Plaintiff's claims against Island Tile. That Order was entered on April 6, 2010.

On June 2, 2010, the Court issued a Memorandum Opinion, deciding a number of Motions to Dismiss filed by Defendants. In that Opinion, the Court determined that Defendant Michael Cordiner is entitled to immunity for any acts he performed on behalf of Island Tile as a consequence of the exclusivity provision in the Workers' Compensation Act ("WCA").

## DISCUSSION

## I. THE COURT WILL GRANT PLAINTIFF'S MOTION TO FILE ITS MOTION FOR RECONSIDERATION OUT OF TIME.

■ Typically, motions for reconsideration must be filed within fourteen days of the entry of the order or decision from which the party seeks relief.[1] There is no doubt that Plaintiff's Motion was filed beyond that period. In fact, it was filed 364 days after entry of the Order[2] dismissing Island Tile, and 304 days after entry of the Opinion[3] declaring Cordiner

---

[1] LRCi 7.3. The Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of the District Court of the Virgin Islands apply to matters before this Court whenever they are not inconsistent with the Rules of the Superior Court. SUPER. CT. R. 7.

[2] The Order dismissing Island Tile was entered on April 6, 2010. Plaintiff filed a Motion for Reconsideration on April 5, 2011, which was later withdrawn and replaced with a shorter version of the Motion. Nonetheless, the Court will use the April 5, 2011 date in its calculations.

[3] The June 2, 2010 Opinion was entered on June 4, 2010.

immune for acts performed on behalf of Bertrand's employer. Plaintiff concedes that the Motion is untimely and requests leave to file it out of time.

In support of her Motion to file out of time, Plaintiff states that she only recently uncovered evidence that Island Tile had not complied with certain requirements of the WCA during the relevant time period. It is Plaintiff's position that Island Tile's failure to comply makes it an uninsured employer, thereby defeating the Act's restraint on civil actions. Because of this newly discovered evidence, Plaintiff urges the Court to revise its previous orders, reinstate Island Tile as a Defendant, and make clear that Michael Cordiner can be sued for all of his acts or omissions, even those he performed on behalf of Island Tile.

In a footnote to her Amended Motion, Plaintiff urges the Court to consider her untimely Motion for Reconsideration because Rule 54 of the Federal Rules of Civil Procedure permits the Court to revise any order before a final judgment is issued in the case. Island Tile and Cordiner,[4] on the other hand, state that a Motion for Reconsideration filed more than fourteen days[5] after the order must be considered as a Rule 60(b)(6) Motion.

### A. Rule 54(b), not Rule 60(b), of the Federal Rules of Civil Procedure Applies to This Late-Filed Motion for Reconsideration.

■ Defendants strongly urge the Court to apply the Rule 60 standard to Plaintiff's Motion for Reconsideration. Defendants correctly note that the Supreme Court of the Virgin Islands has held that Motions for Reconsideration filed more than fourteen days after a final judgment must be treated as Rule 60 Motions. For example, in *Beachside Associates, LLC v. Fishman,*[6] the court reiterated the position it laid out in *Ruiz v.*

---

[4] Island Tile and Cordiner filed a Joint Opposition to the Motion for Reconsideration on April 19, 2011. Bertrand replied to that Opposition on May 3, 2011.

[5] Actually, Defendants refer to "the 10-day statutory time period." (Defs.' Opp'n at 8.) It appears that Defendants mistakenly believe that LRCi 7.3(1) provides a 10-day period and (2) is statutory. In fact, LRCi 7.3, which is a rule rather than a statute, requires motions for reconsideration to be filed within fourteen days.

[6] 53 V.I. 700 (2010).

*Jung*,[7] when it held that Superior Court Rule 50 expressly incorporates Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. According to the court in *Beachside Associates*, if a motion for reconsideration is filed within fourteen days of the order to be reconsidered, it should be treated as a Rule 59(e) motion to amend or alter the judgment.[8] If, however, the Motion is filed outside that fourteen-day period, it should be treated as a Rule 60(b) motion.[9] Applying this rule to Plaintiff's Motion, Defendants argue that Rule 60(b) should apply.

■ While this Court agrees with the Supreme Court in its analysis of motions brought pursuant to Superior Court Rule 50,[10] it does not agree with Defendants that such analysis applies here. Plaintiff's Motion is not a motion that falls under Superior Court Rule 50. Because it does not, Rules 59 and 60 of the Federal Rules of Civil Procedure are not applicable.

■ Superior Court Rule 50 incorporates, inter alia, Rules 59 and 60 of the Federal Rules only when a party is requesting that the Court "set aside an entry of default, judgment by default or judgment after trial or hearing."[11] Here, Plaintiff is asking that the Court revise two orders. One of these orders states that Michael Cordiner is immune for any acts performed on behalf of Plaintiff's employer. This Order, which accompanied the June 2, 2010 Opinion, clearly falls outside Superior Court Rule 50. It is not a judgment or final order in any sense.

The other order dismissed Plaintiff's Complaint against Island Tile. That Order dismissed fewer than all Defendants in the action and, therefore, falls squarely within the ambit of Federal Rule 54(b). Rule 54(b) states in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[7] Civ. No. 2008-035, 2009 V.I. Supreme LEXIS 43 (V.I. Oct. 19, 2009).

[8] *Beachside Assocs.*, 53 V.I. at 714.

[9] *Id.*

[10] Of course, even if the Court were to disagree with the Supreme Court, it would be bound to apply the Supreme Court's holdings.

[11] SUPER. CT. R. 50.

■ ■ As the District Court observed in *Bostic v. AT&T of the Virgin Islands*,[12] the trial court retains discretion to extend the period for a motion for reconsideration if that motion seeks revision of an order that does not constitute the final judgment in an action. The *Bostic* court observed that Local Rule 7.3 cannot, through its fourteen-day time period, limit the proper exercise of a court's discretion to modify an order under Rule 54(b).[13] In fact, the *Bostic* court recognized a number of circumstances in which it may be appropriate to grant reconsideration even though a narrow interpretation of Local Rule 7.3 would not otherwise permit it.[14] It concluded that "[r]arely, if ever, can the decision to do so constitute clear error."[15] The Supreme Court of the Virgin Islands affirmed this analysis in *Hagley v. Henricks*,[16] finding that the trial court did not abuse its discretion by granting additional time to file a motion for reconsideration pursuant to Rule 54(b), where the party moved to reconsider a judgment that did not dispose of all the parties.

■ Here, the Order approving the parties' Stipulation, which dismissed Plaintiff's Complaint against Island Tile only, did not end the action and did not constitute a final judgment because it did not adjudicate the rights and liabilities of any party and, even if it had, it did not adjudicate the rights and liabilities of *all* parties.[17] Therefore, pursuant to Rule 54(b), it is an order subject to revision at any time. The Court retains discretion to decide whether it will extend the fourteen-day period of Local Rule 7.3.

## B. The Court Will Exercise Its Discretion to Accept the Late-Filed Motion for Reconsideration.

Local Rule 7.3 permits the Court to extend the fourteen-day filing period for a Motion for Reconsideration upon a showing of "good cause." In this case, Plaintiff states that she uncovered "new evidence" during

---

[12] 312 F. Supp. 2d 731, 45 V.I. 553 (D.V.I. 2004).

[13] *Id.* at 734.

[14] *Id.* (observing that courts have considered new evidence, new arguments, and "even newly submitted cases" under Rule 54, even though local rules similar to LRCi 7.3 may not have technically permitted it).

[15] *Id.*

[16] S.Ct. Civ. No. 2007/26, 2007 V.I. Supreme LEXIS 8 (V.I. Dec. 28, 2007). Neither party discussed, or even cited, *Hagley*.

[17] Because the Orders do not constitute final judgments, Superior Court Rule 36(b)'s thirty-day deadline for post-trial motions does not apply.

discovery. She argues that this evidence demonstrates that Island Tile was not an insured employer at the time of Bertrand's injury and cannot, therefore, avail itself of the WCA's exclusivity provision. She also argues that because Island Tile was not insured, Cordiner is similarly not immune.

Plaintiff indicates in her Motion that she was not able to depose Island Tile and Cordiner until January 10, 2011. She further states that she did not depose Island Tile's bookkeeper until February 9, 2011. Finally, she alleges that Island Tile and Cordiner's statements that Island Tile was insured amount to fraud, which prevented her from discovering the truth.

██ The Court need not consider whether any party committed fraud upon another party or this Court, nor must the Court decide whether this evidence was available to Plaintiff before. The standard of "good cause" to extend the period for a Local Rule 7.3 motion is more generous than the standards for granting a Rule 60(b) motion. Here, the Court finds that Plaintiff has made a sufficient showing of "good cause" for her delay in filing the Motion for Reconsideration. She abided by the Scheduling Order issued by this Court and, through the discovery process, was able to piece together what she believes is a persuasive argument that Island Tile was not insured. At the time she agreed to dismiss her Complaint against Island Tile, she had no reason to doubt Island Tile's representations that it was insured. It would have been unreasonable to expect her and Island Tile to engage in extensive discovery at that stage of litigation simply to determine if what Island Tile represented to the Court was true. Perhaps it was a mistake on Plaintiff's behalf to enter into the Stipulation; however, her mistake does not limit the Court's authority to reconsider its decision based on the possibility that Island Tile might not have been insured. Therefore, the Court will accept the late-filed Motion for Reconsideration and will proceed to consider its merits.

## II. WHETHER THE MOTION FOR RECONSIDERATION SHOULD BE GRANTED.

The outcome of Plaintiff's Motion depends upon the Court's interpretation of what makes an employer "insured" for the purposes of the WCA. If Island Tile was insured at the time of the accident that killed Bertrand, Plaintiff has no civil remedy against it. If, though, it was not insured, Plaintiff may sue both Island Tile and Bertrand's co-employee, Cordiner.

The Motion for Reconsideration urges the Court to undo its decision approving the Stipulation to dismiss Island Tile and its Order granting in part Cordiner's Motion to Dismiss. The Court may not do in an order granting a Motion for Reconsideration what it could not have done in an Opinion deciding a Motion to Dismiss or approving a Stipulation: decide issues of fact. It may only decide whether Island Tile should be brought back into the action for further proceedings and whether Plaintiff has stated a sufficient claim against Cordiner.

The Court will assume Plaintiff's factual allegations are true. Therefore, the Court assumes that Plaintiff is correct that Island Tile reported false numbers of workers to the Commissioner of Finance in 2006-2008, that it reported the wrong amount of wages paid to its employees in 2006-2008, and that it incorrectly classified its employees in 2007 and 2008. As a result of these errors, it did not pay the correct amount of premiums to the Commissioner. Even assuming all these allegations are true, however, the Court must determine whether these errors would render Island Tile uninsured and, therefore, state a claim for relief.

## A. Structure of the Workers' Compensation Act Generally.

The Legislature of the Virgin Islands passed the WCA to "afford expeditious compensation to employees or their dependents without regard to fault or negligence of employer or employee."[18] To that end, every employer is required to be insured with the Government Insurance Fund.[19] To secure the insurance coverage, the employer is required to satisfy certain requirements. It must file with the Commissioner of Finance an actual report of the previous year and an estimated report for the current year by February 28th of the year.[20] The report must show the number of workers employed, the type of occupation, the total amount of wages "paid and to be paid," and the amount of premium that must be paid.[21]

Employers are permitted to pay their premiums in two installments: the first must be made by March 31 and must constitute one-half or more of

---

[18] V.I. CODE ANN. tit. 24, § 250(a) (1997).
[19] 24 V.I.C. § 272(a).
[20] Id. § 273(a).
[21] Id.

the annual premium; and the second covers the remaining portion of the premium, which must be paid by June 30.[22] After the Commissioner of Finance receives the premium, he forwards to the employer a receipt.[23] The receipt is "prima facie evidence of said payment of the premium and insurance coverage."[24] If the employer does not pay the total premium levied on it "within the time fixed by the Commissioner of Finance," the Commissioner may grant a thirty-day extension.[25] If the premium is not paid in full, the WCA Administrator may not make an insurance policy for that employer.[26]

Employers who do not obtain insurance, who do not comply with the filing requirements, or who do not pay the required premiums suffer a number of possible sanctions. They may be fined and imprisoned.[27] The statute makes clear that this sanction is "in addition to any interest, penalties, or remedies provided for in this chapter."[28] If employers lie in their statements, the signers of the statements could be subject to perjury charges.[29] The Commissioner of Finance also has authority to assess penalties and late charges, and charge interest on the outstanding premium.[30] Finally, an employer who "has not filed the required reports and paid the premium due to which this section refers within the term herein fixed" is an "uninsured employer."[31]

If an employer is insured, the injured employee has only one remedy against the employer and that is to obtain compensation from the Workers' Compensation Administration.[32] However, if the employer is uninsured,

---

[22] *Id.* § 273(c).

[23] *Id.* § 273(d).

[24] *Id.*

[25] *Id.* § 273(g).

[26] *Id.*

[27] *Id.* § 277(a).

[28] *Id.*

[29] *Id.* § 277(b). In addition, an employer who intentionally falsifies records may be sanctioned five times the difference between the premiums paid and what ought to have been paid. *Id.* § 279.

[30] *Id.* § 277(c).

[31] *Id.* § 277(c).

[32] *Id.* § 284.

[t]he injured employee . . . or the employee's beneficiaries, instead of receiving compensation under this chapter may elect, at any time prior to the rendering of a decision by the Administrator, to bring suit for damages against the employer, just as if this chapter were not applicable.[33]

Island Tile and Cordiner argue that because Island Tile had a Certificate of Government Insurance Coverage, it was an "insured" employer within the meaning of the statute.[34] They also argue that even if there had been errors in the reports Island Tile submitted, those errors would not effect a cancellation of the policy.

## B. The Court Retains Authority Under the WCA to Determine Whether an Employer is Insured.

■■■■■ The Supreme Court of Puerto Rico, interpreting language in Puerto Rico's statute that is essentially the same as the language of Section 261(b)(1) of Title 24, held that the determination of whether an employer is uninsured — in order to decide whether the employee can bring a suit — is for the court.[35] Specifically, it held that,

[t]he determination of the uninsured-employer status by the State Insurance Fund is the first step in the administrative proceeding that shall continue before the Commission but it is by no means a prerequisite and much less a jurisdictional requisite for the adjudication of the matter in issue in the judicial sphere.[36]

Therefore, the Court finds that although the Workers' Compensation Administration retains the role of determining whether an employer is insured for the purposes of seeking indemnification,[37] that does not deprive the

---

[33] *Id.* § 261(b)(1).

[34] The Defendants attach as an exhibit to their Opposition a copy of the Certificate dated February 26, 2008, and relating to Policy No. 8839.

[35] *Vélez Sánchez v. Comision Industrial*, 7 P.R. Offic. Trans. 867, 107 P.R. Dec. 797 (P.R. 1978). Because Section 261 of Title 24 of the Virgin Islands Code was modeled after 11 Laws of Puerto Rico Ann. § 16, decisions from the Supreme Court of Puerto Rico interpreting Section 16 that were issued after the Virgin Islands adopted the provision constitute persuasive authority. *Nickeo v. Atlantic*, 45 V.I. 149, 153 (Terr. Ct. 2003).

[36] *Id.*

[37] Tit. 24, § 261(d)(1).

Court of jurisdiction to determine whether an employer is insured for the purpose of determining whether a plaintiff has stated a claim for relief.[38]

## C. To Be an Insured Employer, an Employer Must Comply with All of the Statutory Provisions of the Workers' Compensation Act.

Section 272(c) of Title 24 defines "uninsured employer" for the purposes of the WCA. It states that "[e]very employer who has not filed the required reports and paid the premium due to which this section refers within the term herein fixed shall be considered an uninsured employer."[39] A 1958 District Court case, *Carmona v. DeJongh*,[40] interpreting substantially the same language,[41] held that this provision should be read in the conjunctive; that is, an employer could not be considered uninsured unless it both failed to file the required reports and failed to pay the required premium.[42]

Here, Plaintiff does not argue that Island Tile failed entirely to file the required statements or failed entirely to pay a premium. Instead, she urges the Court to find that the errors Island Tile made in its statements, which led to an impermissibly low premium, invalidated Island Tile's status as an insured employer.

---

[38] The Court is aware that administrative agencies often have superior experience determining the facts and applying the laws and regulations applicable to their agencies. However, that would be a reason for the Legislature to make clear that the Administration must first make the uninsured/insured determination before the worker files a civil suit. It did not do so. For this reason, and because the Court is persuaded by the analysis set forth in *Vélez Sánchez*, the Court holds that it retains the authority to make that determination in appropriate cases.

[39] 24 V.I.C. § 272(c).

[40] 157 F. Supp. 540, 3 V.I. 281 (D.V.I. 1958).

[41] The *Carmona* court interpreted Section 30 of the Pentheny Employees Compensation Act of St. Croix, which at the time of the decision had been embodied in the Virgin Islands Code at Section 277 of Title 24. That Section provided that "[a]ny employer who has been covered by the Government Insurance Fund up to the end of the proceeding year shall be covered during the period January 1, to January 31, provided that every employer who has not presented the statement under oath and who has not paid the premiums within the time herein specified shall be considered an uninsured employer."

[42] *Id.* at 543 ("For the proviso contained in section 30 [now Section 272(c) of Title 24] of the Act states that an employer shall be considered uninsured only if he has not presented the statement and has not paid the premiums within the time specified in the Act. Failure to do one or the other is not enough; there must be a failure both to file the statement and to pay the premiums in order to render the employer uninsured and thereby deprive his employees of the protection afforded by insurance with the Government Insurance Fund.")

 The Court begins its analysis with the language of the statute.[43] Section 272 specifically states that the employer must file "the required reports" and must pay "the premium due to which this section refers."[44] The Legislature could have stated that the employer must file reports and pay a premium. Instead, the Section specifically requires the employer to file the reports required by the statute and pay the premium required by the statute. If the employer does not do both, it is uninsured.[45]

 To read the statute otherwise, an employer could obtain the benefit of immunity by under-reporting the number of its employees and paying a nominal premium. It would be free to do so unless and until the administrative agency decided to review its books. While it would be subject to perjury penalties if ever discovered, there may be little chance of discovery. In the meanwhile, the employee, who might know no better, may pursue her compensation benefits only, foregoing the chance to sue. This is contrary to the mandate to read the statute liberally and in favor of the employee.[46]

Island Tile and Cordiner state in the fact section of their Joint Opposition — though they raise no argument related to this fact — that the Workers' Compensation Administration declared Island Tile to be an insured employer. In support of that contention, they cite Exhibit D to their Joint Opposition, which is a letter from the Administration to an air ambulance company. The letter states that, "[t]his case is covered under the Virgin Islands Workers' Compensation Statute." In addition, they cite Exhibit E, a letter in which the Administration states that it would be responsible for all of Bertrand's medical expenses. In addition, Exhibit F orders payment for Bertrand's medical expenses. Likewise, Exhibit G orders payment for Bertrand's funeral expenses. Finally, Exhibit G shows that the Administration paid in excess of $200,000 for all of Bertrand's

---

[43] *People v. Baxter*, 49 V.I. 384, 388 (2008) (noting that the Court begins its analysis with the language of the statute, and the analysis ends if the language is unambiguous).

[44] Tit. 24, § 272(c).

[45] *See Vanterpool v. Hess Oil V.I. Corp.*, 766 F.2d 117, 123(3d Cir. 1985) (*superseded by statute on other grounds*) ("[A]n employer's tort immunity arises as an inevitable consequence of compliance with the Act and loss of immunity is imposed only as a penalty for non-compliance.").

[46] *Carmona*, 157 F. Supp. at 542 (holding that, because the Workers' Compensation Act is remedial in nature, it must be given a liberal construction in favor of the employees it seeks to protect).

expenses. Island Tile and Cordiner conclude that this proves Island Tile had insurance and "this is how these things work."[47]

■ This is indeed "how things work." But the exhibits cited by Island Tile and Cordiner do not prove that Island Tile was an insured employer. Even if the Court is bound by the Workers' Compensation Administration determination — an argument neither raised by any party nor decided in any case law — the Administration never made such a determination. All that Island Tile's documents prove is that Plaintiff received benefits under the WCA. But she would receive benefits even if Bertrand's employer was uninsured. Section 261 of Title 24 makes clear that employees of uninsured employers can receive compensation from the Administration.[48] Therefore, because employees of uninsured employers may still receive prompt compensation from the Administration, proof that Plaintiff received such compensation is not probative of whether Island Tile was an insured employer.[49]

■ Another issue the Court must decide — though not one explicitly raised by either party[50] — is whether Plaintiff's receipt of benefits bars her suit at this time. Section 261 permits the employee or his beneficiaries to sue an uninsured employer, but requires that this election must be made "prior to the rendering of a decision by the Administrator."[51] The "decision" referred to in Section 261(b)(1) apparently · refers to the decision by the Administrator of the amount of compensation due to the employee that must be collected from the employer after hearing from both employer and employee.[52] In this case, the Administrator has never

---

[47] (Defs.' Joint Opp'n 4.)

[48] *See* Tit. 24, § 261(a)(1) ("Claims for expenses . . . in the case of an employee working for an employer who, in violation of law, is not insured . . . shall be processed and paid for from the Fund in the same manner as claims against insured employers with the exception that any payments made shall be chargeable to the Uninsured-Employer Subfund, hereinafter created."); § 261(c)(2) ("There shall be maintained in the Uninsured-Employer Subfund . . . sufficient funds for the prompt payment of claims involving insured employers.").

[49] Again, the Court does not decide now whether or not Island Tile was an insured employer at the time of the accident. It decides only that Island Tile would have been an uninsured employer if the facts asserted by Plaintiff are true.

[50] The Joint Opposition discusses the fact that Plaintiff did receive benefits but does not raise any argument about what Plaintiff's acceptance of those funds might signify.

[51] Tit. 24, § 261 (b)(1).

[52] Tit. 24, § 261(a)(2), (a)(3).

made such a decision. Therefore, the election to sue took place before the rendering of the Administrator's decision.

An alternative interpretation might suggest that the "decision" referred to in Section 261(b)(1) refers generally to the Administrator's decision to pay compensation to the employee. However, this would be inconsistent with the mandate to construe the statute liberally and in favor of the employee[53] because the Administrator might make a decision within hours of the injury to pay compensation, depriving the employee of his statutory right to elect to sue. Illustratively, in this case, the Administrator made a decision on April 17, 2008, the day of the incident, to begin making payments for Bertrand's care.[54] Bertrand's beneficiaries were consumed with obtaining emergency care for his ultimately fatal injuries at the time the Administrator was making its decision to authorize payment. Neither Bertrand nor his beneficiaries, therefore, ever had any meaningful opportunity to elect to sue if Section 261(b)(1) is interpreted to mean the election must occur before a decision to compensate.[55]

Although the Court interprets Section 261(b)(1) to mean that Plaintiff has not waived her election to sue, it seems obvious from the language of that subsection that Plaintiff cannot retain both the workers' compensation benefits and damages from the uninsured employer. However, as noted above, the Court is not deciding at this stage whether Island Tile was insured; only that if Plaintiff's facts are true, Plaintiff has stated a claim that is not barred by the WCA. Therefore, it would not be proper to condition Plaintiff's pursuit of her claims against Island Tile on a refund of the compensation, because it may ultimately be decided by the Court in a Motion for Summary Judgment or by a jury after a trial that Island Tile was, in fact, insured. Instead, should Plaintiff succeed in proving that Island Tile was uninsured at the time of the incident and that Island Tile is liable to Plaintiff, any award by Island Tile to Plaintiff will

---

[53] *Supra* note 46.

[54] (Defs.' Joint Opp'n Ex. D.)

[55] *See Harris v. No. 1 Contracting Corp.*, 24 V.I. 116, 117 (D.V.I. App. Div. 1988) (finding that an employee has no meaningful opportunity to elect whether or not to sue an employer until such time as he has the chance to learn whether or not the employer is insured).

be reduced by the amount of compensation Plaintiff or Bertrand has already received.[56]

As noted above, the Court assumes that Plaintiff's asserted facts are true — that is, that Island Tile failed to adequately report the number and type of its employees, and therefore failed to pay the required premium sum. Given those facts, Island Tile is an uninsured employer. Therefore, Plaintiff did not fail to state a claim against Island Tile. The Court will grant the Motion to Reconsider as to Island Tile and will vacate its Order approving the parties' Stipulation of Dismissal. Plaintiff will be directed to amend its Complaint to add again Island Tile as a Defendant in this action.

### D. Because Island Tile Has No Immunity if Plaintiff's Assertions Are True, Then Cordiner Has No Immunity to Share and May Be Sued for His Acts or Omissions.

In addition to challenging the Court's dismissal of Island Tile as a Defendant, Plaintiff also challenges the Court's Opinion deciding that Michael Cordiner could not be held liable for any actions he took on behalf of Island Tile. The heart of Plaintiff's argument is that Cordiner was not an employee of Island Tile for the purposes of the WCA.

The Court need not address these arguments, however. As the Court noted in *Nickeo*,[57] only when an employee acts on behalf of an employer and does not possess an independent duty of care does that employee share in the employer's immunity.[58] Because the Court finds that Island Tile is not an insured company, then Cordiner, acting on Island Tile's behalf, has no immunity to share.

Because Cordiner is not an insured employer and does not share his employer's immunity, he is a "third person" for purposes of the WCA.[59]

---

[56] This is consistent with the Virgin Islands' limitations on the collateral source rule. V.I. CODE ANN. tit. 5, § 427 (1997). The Administrator will have the option under the statute, of course, to pursue Island Tile for the costs of the compensation it paid to Plaintiff, if it is ultimately determined that Island Tile was uninsured.

[57] 45 V.I. at 155.

[58] *Id.*

[59] Tit. 24, § 263.

Therefore, the Administrator of the Workers' Compensation Administration must be made a party to this action.[60]

## CONCLUSION

█ Because the Court interprets the Workers' Compensation Act to require an employer to fully comply with its provisions before the employer can enjoy the benefits of the Act's exclusivity provision, the Court will grant Island Tile's Motion to Reconsider its approval of the parties' Stipulation of Dismissal. Michael Cordiner, as the employee of an uninsured company, has no immunity to share, and can be sued for the acts or omissions taken on behalf of Island Tile. Plaintiff will be directed to file an Amended Complaint within fourteen days of entry of this Order, reflecting Island Tile's re-addition as a party to the action and joining the Administrator of the Workers' Compensation Administration.

---

[60] Tit. 24, § 263 ("The injured [worker] or his beneficiaries may not institute any action, nor may compromise any right of action they may have against the third person responsible for the damages, unless the Administrator is a party to the action or agrees to the compromise.").