**FRANCIS EDWARD, Plaintiff**
**v.**
**GENOA INC., KEN BROWN and GEC, LLC, Defendants**

Case No. SX-11-CV-202
Superior Court of the Virgin Islands
Division of St. Croix
July 12, 2016

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(July 12, 2016)

**THIS MATTER** comes before the Court on Defendant GEC, LLC's (hereinafter, "GEC") motion for summary judgment (hereinafter, "Motion"), filed on October 22, 2015. On November 20, 2015,[1] Plaintiff filed an opposition (hereinafter, "Opposition") and a response to Defendant GEC's statement of undisputed facts/counter-statement of undisputed material facts. On December 22, 2015, Defendant GEC filed a reply (hereinafter, "Reply").

## BACKGROUND

On or about June 1, 2010, Louis E. Brown I Ltd. contracted with Defendant GEC for construction services in connection with Louis E. Brown Phase I project (hereinafter, "Construction Project"). (Motion, p. 2; Opp., p. 1.) Subsequently, Defendant GEC contracted with Genoa Inc. (hereinafter, "Genoa") to provide labor assistance in connection with the Construction Project. (FAC ¶ 7; Motion, Exhibit 1; Opp., p. 2.) In February 2011, despite the fact that no contract was in place, Genoa commenced working far the Construction Project in February 2011. (Motion, Exhibit 1; Opp., p. 3.)

Plaintiff was an employee of Genoa from February 17, 2011 until March 8, 2011, assigned as a laborer to work on the Construction Project. (Motion, p. 2, Exhibit 2; Opp., p. 3.) On March 8, 2011, Plaintiff was

---

[1] By an order dated December 3, 2015, the Court granted Plaintiff's motion for brief extension of time — until November 20, 2015 — to file his opposition to Defendant GEC's Motion.

working on the Construction Project when he sustained a work-related injury. (FAC ¶ 18-13; Motion, p. 2; Opp., p. 3.) Plaintiff submitted a claim to the Virgin Islands Workers' Compensation Administration (hereinafter, "Administration") regarding his injury. (Motion, Exhibit 4; Opp., p. 4.) Thereafter, in a letter dated April 20, 2011, the Administration informed Genoa that Genoa was in violation of the Virgin Islands Workers' Compensation Act (hereinafter, "VIWCA") — namely, Section 272(a) of Title 24 of the Virgin Islands Code[2] — for failure to secure workers' compensation insurance. (Motion, Exhibit 4; Opp., p. 4.)

A few months later, Plaintiff filed a lawsuit against Genoa, Ken Brown (hereinafter, "Brown"), and GEC, LLC as defendants.[3] (FAC.) Plaintiff appears to allege a negligence cause of action against Defendants.[4] Plaintiff seeks damages along with costs and fees. (FAC.) Subsequently, in an order dated January 17, 2013, the Court dismissed this action with prejudice as to Genoa and Brown pursuant to their stipulation.[5]

---

[2] Section 272(a) of Title 24 of the Virgin Islands Code provides: "Every employer shall secure the payment of compensation under this chapter by insuring with the Government Insurance Fund created by this chapter."

[3] Plaintiff originally named General Engineering Corporation instead of GEC, LLC as a defendant in the initial complaint. Plaintiff subsequently filed a first amended complaint removing General Engineering Corporation as a defendant and adding GEC, LLC as a defendant.

[4] Plaintiff did not plead any claims by name in his three-page First Amended Complaint containing 18 paragraphs. The Court has taken a liberal view of the First Amended Complaint to infer plausible causes of action since "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Based on the following paragraph, the Court construed the First Amended Complaint to allege a negligence cause of action against Defendants:

> 17. Defendant GEC, LLC so controlled the work being done by Genoa and Brown and failed to provide the Plaintiff with the needed equipment among other acts of negligence.
>
> 18. As a direct and proximate result of the Defendants' negligent acts and omissions, the Plaintiff suffered physical injuries, medical expenses, loss of income, loss of capacity to earn income, mental anguish, pain and suffering and loss of enjoyment of life all of which are expected to continue into the foreseeable future.

[5] On January 9, 2013, Plaintiff and Genoa and Brown filed a stipulation for Plaintiff to dismiss Genoa and Brown with prejudice. Defendant GEC filed a subsequent motion requesting the Court to set aside the dismissal of Genoa and Brown, but ultimately, the Court denied Defendant GEC's motion and did not set aside the dismissal of Genoa and Brown.

## STANDARD OF REVIEW

A moving party will prevail on a motion for summary judgment where the record shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Walters v. Walters*, 60 V.I. 768, 794 (V.I. 2014); *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008). As to materiality, "only those facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*, at 195 (internal quotations omitted).

The moving party must support the motion by "identify[ing] those portions of the record that demonstrate the absence of a genuine issue of material fact." *Chapman v. Cornwall*, 58 V.I. 431, 436 (V.I. 2013). If the moving party does so, then "the burden shifts to the non-moving party to present affirmative evidence from which a jury might reasonably return a verdict in his favor." *Id.* (internal quotation omitted). The nonmoving party then has the burden of "set[ting] out specific facts showing a genuine issue for trial." *Williams*, 50 V.I. at 195 (internal citation omitted). "[T]o survive summary judgment, the nonmoving party's evidence must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Id.* (internal quotations omitted).

The Court must view all inferences from the evidence in the light most favorable to the nonmoving party, and take the nonmoving party's conflicting allegations as true if properly supported. *Id.*; *see also Walters*, 60 V.I. at 794; *Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 59 V.I. 522, 527; *Joseph v. Hess Oil V.I. Corp.*, 54 V.I. 657, 668 (V.I. 2011). In deciding a motion for summary judgment, the Court's role is not to determine the truth, but to determine whether a factual dispute exists that warrants a trial on the merits. *Williams*, 50 V.I. at 195. Where such a factual dispute exists, the Court must deny the motion for summary judgment. *Sealey-Christian v. Sunny Isle Shopping Ctr.*, 52 V.I. 410, 423 (V.I. 2009). "Because summary judgment is a drastic remedy, it should be granted only when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Williams*, 50 V.I. at 194-95 (internal citation omitted) (internal quotations omitted).

## DISCUSSION

In support of its motion for summary judgment, Defendant GEC argued that he is entitled to the benefit of the VIWCA's immunity to lawsuit, found in Section 284 of Title 24 of the Virgin Islands Code (hereinafter, "Section 284"). Defendant GEC reasoned that, as a result of its subcontractor Genoa's failure to secure workers' compensation insurance for Plaintiff in violation of the VIWCA, Defendant GEC — the general contractor — became the employer of Plaintiff by virtue of Section 284(b). (Motion, p. 1, 6-7.) Defendant GEC further reasoned that, as the employer of Plaintiff, it is immune from lawsuit filed by Plaintiff pursuant to Section 284(a), which provides that the right established under VIWCA is the injured employee's exclusive remedy against the employer. (*Id.*, at p. 2, 6-7.) Defendant GEC cited to *Defoe v. Phillip*, 56 V.I. 109 (V.I. 2012) and numerous non-binding cases to support his contention that the general contractor can be determined as the employer in the realm of workers' compensation, and therefore, be given the benefit of immunity from tort liability. (Motion, at p. 8-12.) Thus, Defendant GEC concluded that "the VIWACA provides the general contractor with absolute immunity from suit." (*Id.*, at p. 13.) Accordingly, Defendant GEC requested the Court to grant its Motion.

In his Opposition, Plaintiff argued that there are material disputes regarding Defendant GEC's immunity from Plaintiff's lawsuit under the VIWCA. First, Plaintiff argued that Defendant GEC is not immune to his lawsuit because Plaintiff was a borrowed employee of Defendant GEC on the date of the incident, and as a borrowed employee, Plaintiff is not precluded from filing a tort action against Defendant GEC. (Opp., p. 8-12.) Plaintiff pointed out that Defendant GEC had total control over the Construction Project — from work assignment, work inspection, provided materials and tools, etc., which demonstrated that Plaintiff was a borrowed employee of Defendant GEC. (*Id.*, at p. 10-11.) Plaintiff also pointed out that the VIWCA expressly provides that "statutory employer and borrowed servant" doctrine is not recognized in this jurisdiction. (*Id.*, at p. 11.) Thus, Plaintiff concluded that Defendant GEC is not immune from Plaintiff's lawsuit under the VIWCA. (*Id.*) Second, Plaintiff argued that Defendant GEC is not immune to his lawsuit because Defendant GEC was not the general contractor on the date of the incident, and therefore, Section 284(b) does not apply. (*Id.*, at 12-18.) Plaintiff pointed

54

out that "the record is devoid of any evidence demonstrating that on March 8, 2011 . . . GEC had a contractor-subcontractor relationship with GENOA." (*Id.*, at p. 13.) Plaintiff asserted that "it could be reasonably inferred from the record that GENOA was merely an independent contractor labor broker" that contracted with Defendant GEC. (*Id.*, at p. 15.) Based on this inference, and based on Plaintiff's assertion that Defendant GEC retained total control over the Construction Project, Plaintiff concluded that "[he] may sustain his cause of action for negligence pursuant to the law of the Virgin Islands, which provides that an injured employee of an independent contractor may sue the party contracting with the independent contractor pursuant to RESTATEMENT (SECOND) OF TORTS section 414[6] based on that contractor's own negligence where the contracting party retains sufficient control over the operative details of the work." (*Id.*) Thus, Plaintiff concluded that Defendant GEC is not immune from Plaintiff's lawsuit under the VIWCA. Third, Plaintiff argued that Defendant GEC is not immune to his lawsuit because Defendant GEC "failed to satisfy its burden of proving that it was an Employer named in a certificate of insurance issued pursuant to section 272 [of the VIWCA]." (*Id.*, at p. 19.) Plaintiff pointed out that, despite the fact that Defendant GEC wishes to invoke the immunity protection under Section 284(b), Defendant GEC failed to provide "any proof with its motion for summary judgment or in any discovery submitted to Plaintiff or this Court that on the date of Plaintiff's injury it was named in a certificate of insurance issued under section 272 [of the VIWCA]." (*Id.*) Thus, Plaintiff concluded that Defendant GEC is not immune from Plaintiff's lawsuit under the VIWCA. Finally, Plaintiff argued that Defendant GEC is not immune to his lawsuit because Defendant GEC waived its right to this defense. (*Id.*, at p. 20-21.) Plaintiff pointed out that Defendant GEC never raised the immunity defense as an affirmative defense, and that raising it "over four years after this case commenced and after fact discovery has been completed" is prejudicial to Plaintiff. (*Id.*, at p. 21.) Thus, Plaintiff concluded that Defendant GEC is

---

[6] RESTATEMENT (SECOND) OF TORTS § 414 provides:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

not immune from Plaintiff's lawsuit under the VIWCA. Accordingly, Plaintiff argued that the Court should deny Defendant GEC's Motion.

In its Reply, Defendant GEC reiterated the arguments from his Motion. (Reply, p. 1-2.) Additionally, Defendant GEC argued that it was not required to raise this immunity defense as an affirmative defense in his answer, and therefore, it does not constitute a waiver. (*Id.*, at p. 2.) Defendant GEC also pointed out that, regardless of the fact that he did not specifically raise the immunity defense, he raised "an important defense, which in a sense encompasses the immunity granted by statute; that is, that 'plaintiff's complaint fails to state a cause of action which merits a legal or equitable remedy.' " (*Id.*)

### I. Defendant GEC is Not Entitled to Summary Judgment in its Favor

■ The VIWCA, codified as Title 24 V.I.C. §§ 250 through 292, "is designed to provide prompt payment of benefits without regard to fault; and to relieve employers and employees of the burden of civil litigation." *Robles v. Hovensa, LLC*, 49 V.I. 491, 495 (V.I. 2008). The VIWCA "creates a trade-off in legal rights." *Robles*, 49 V.I. at 495. An employee's injury must have "aris[en] out of and in the course of his employment" in order for the injury to be compensable under the VIWCA. Title 24 V.I.C. § 252(a). If an employer is insured under the VIWCA and the injured employee is entitled to compensation under the VIWCA, then the employer is immune to lawsuit pursuant to the exclusive remedy provision of the VIWCA. Title 24 V.I.C. § 284. Section 284 provides:

> 284. Exclusiveness of remedy
>
> (a)   When an employer is insured under this chapter, the right herein established to obtain compensation shall be the only remedy against the employer; but in case of accident to, or disease or death of, an employee not entitled to compensation under this chapter, the liability of the employer is, and shall continue to be the same as if this chapter did not exist.
>
> (b)   For the purposes of this section, a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to comply with the provisions of this chapter with respect to being an insured employer. The "statutory employer and borrowed servant" doctrine are not recognized in

this jurisdiction, and an injured employee may sue any person responsible for his injuries other than the employer named in a certificate of insurance issued under section 272 of this title.

In this instant action, it is not in dispute that Plaintiff was employed by Genoa on the date of the incident and that Plaintiff sustained injuries while performing duties within the scope of his employment. It is also not in dispute that Genoa was not insured under the VIWCA on the date of the incident. Under this set of facts, Defendant GEC argued that, as the general contractor of Genoa, it should be deemed the employer of Plaintiff by virtue of Section 284(b) and be given the benefit of immunity from Plaintiff's lawsuit pursuant to Section 284(a). However, there is one major flaw in Defendant GEC's reasoning. Defendant GEC's argument is based on its erroneous interpretation of Section 284 that being deemed the employer of the injured employee is sufficient to immunize said employer from lawsuits filed by the injured employee.

■■ In construing a statute, "[i]f the intent of [the Legislature] is clear, that is the end of the matter." *In re Infant Sherman*, 49 V.I. 452, 456 (V.I. 2008) (citations and internal quotations omitted). The Court must presume that "[w]hen the legislature adopts a law . . . it intended that the entire statute be effective." *Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009) (citation omitted); *see also Defoe v. Phillip*, 56 V.I. 109, 128 (V.I. 2012). Section 284(a) is clear that only an employer who is insured under the VIWCA is immunized from lawsuits filed by the injured employees.[7] Title 24 V.I.C. § 284; *see also Bertrand v. Mystic Granite & Marble, Inc.*, 63 V.I. 772, 785 (V.I. 2015) ("An insured employer is immune from legal action by the injured employee [pursuant to Title 24 V.I.C. § 284(a)].") Furthermore, the Supreme Court made it clear in *Defoe* that, as to Section 284(b), "the Legislature intended . . . [to] allow an injured employee to sue any person other than the party named in the certificate of insurance."[8] 56 V.I. at 129. Here, Defendant GEC's self-serving interpretation of

---

[7] An uninsured employer, on the other hand, is not. Title 24 V.I.C. § 261(b)(1) ("The injured employee of an uninsured employer . . . . instead of receiving compensation under this chapter may elect . . . to bring suit for damages against the employer, just as if this chapter were not applicable.").

[8] In *Defoe*, the Supreme Court compared the Third Circuit's interpretations of Section 284 in *Gass v. V.I. Telephone Corp.*, 45 V.I. 649 (3d Cir. 2002) and *Tavarez v. Klingensmith*, 372 F.3d 188 (3d Cir. 2004). In *Gass*, the Third Circuit expressly adopted the holding and reasoning of *Figueroa v. Hess Oil V.I. Corp.*, 198 F. Supp. 2d 632, 643 (D.V.I. App. Div. 2002)

Section 284 — that being deemed the employer of Plaintiff is sufficient to immunize Defendant GEC from Plaintiff's lawsuit — clearly violates the rules of statutory interpretation by essentially writing out subsection (a) and the last clause of subsection (b) and render them ineffective.

■■ As explained above, the Court must presume that the Legislature intended for the entire Section 284 to be effective. *See Gilbert*, 52 V.I. at 356. While Defendant GEC wishes to invoke the immunity protection provided by Section 284, Defendant GEC failed to provide any evidence that Section 284 is applicable in this instance. Defendant GEC never claimed that, on the date of the incident, it was an insured employer under the VIWCA or that it was an employer named in a certificate of insurance. Furthermore, no such certificate of insurance, or affidavits or documents to that effect was attached to Defendant GEC's Motion. In fact, Defendant GEC was silent with regard to this issue in its Motion, and even after Plaintiff questioned whether Defendant GEC was an employer named in a certificate of insurance in his Opposition, Defendant GEC remained silent in its Reply. The Court finds that, in moving for summary judgment, Defendant GEC failed to meet its burden to provide proof showing that no dispute remains regarding its immunity from Plaintiff's lawsuit under the VIWCA. Thus, the Court must deny Defendant GEC's motion for summary judgment.

At this juncture, in light of the Court's finding, the Court need not reach the remaining arguments raised by Plaintiff — namely: (1) that Plaintiff was a borrowed employee of Defendant GEC on the date of the incident; (2) that Defendant GEC and Genoa did not have a contractor-subcontractor relationship on the date of the incident; and (3) that Defendant GEC waived this immunity defense under the VIWCA — because regardless of the outcome, Defendant GEC is still not entitled to immunity from Plaintiff's lawsuit under the VIWCA because there is no

---

— namely, that "the limitation to those 'named in the certificate' is a clear statement that there is no such limitation with respect to those not listed . . ." — and noted that "the plain text of the [section 284(b)] authorizes suits against 'any person . . . other than the employer named in a certificate of insurance.' " *Gass*, 45 V.I. at 661. In *Tavarez*, the Third Circuit held that "scrutiny of the plain language of § 284(b) fails to reveal any intent by the Virgin Islands' legislature to address whether an injured employee may initiate a civil action against a co-employee or a supervisor of the same employer" because the term "any person" is a reference to statutory employers only. 372 F.3d at 191-92. Ultimately, the Supreme Court held that *Gass* and *Figueroa* courts' construction of Section 284(b) "more accurately reflects the Legislature's intent in enacting the statute." *Defoe*, 56 V.I. at 128.

———

evidence that Defendant GEC was an insured employer under the VIWCA on the date of incident or that it was an employer named in a certificate of insurance on the date of the incident.[9]

## CONCLUSION

Based on the foregoing, the Court finds that Defendant GEC is not entitled to judgment as a matter of law. Accordingly, the Court will deny Defendant GEC's Motion. An Order consistent with this Memorandum Opinion will follow.

---

[9] If necessary, the Court will address these arguments at a later time.