**FRANCIS EDWARD, Plaintiff**
**v.**
**GENOA INC., KEN BROWN and GEC, LLC, Defendants**

Case No. SX-11-CV-202

Superior Court of the Virgin Islands

Division of St. Croix

January 23, 2017

WILLOCKS, *Superior Court Judge*

## MEMORANDUM OPINION

(January 23, 2017)

**THIS MATTER** comes before the Court on Defendant GEC, LLC's (hereinafter "GEC") renewed motion for summary judgment (hereinafter "Renewed Motion"), filed on December 14, 2016. On December 19, 2016, Plaintiff filed an opposition (hereinafter "Opposition") and a

211

response to Defendant GEC's statement of undisputed facts/counter-statement of undisputed material facts. On December 22, 2016, Defendant GEC filed a reply (hereinafter "Reply").

## BACKGROUND[1]

On or about June 1, 2010, Louis E. Brown I Ltd. contracted with Defendant GEC for construction services in connection with Louis E. Brown Phase I project (hereinafter "Construction Project"). *Edward v. Genoa, Inc. et al.*, 67 V.I. 50, 51 (Super. Ct. 2016). Subsequently, Defendant GEC contracted with Genoa Inc. (hereinafter, "Genoa") to provide labor assistance in connection with the Construction Project. *Id.* Defendant GEC and Genoa executed a written contract — the "Purchase Order Subcontract Agreement" on May 19, 2011. (Renewed Motion, Exhibit 3.) However, prior to the execution of the "Purchase Order Subcontract Agreement," Genoa had already commenced working for the Construction Project in February 2011. *Edward*, 67 V.I. at 51.

Plaintiff was an employee of Genoa from February 17, 2011 until March 8, 2011, assigned as a laborer to work on the Construction Project. *Id.* at 51. On March 8, 2011, Plaintiff was working on the Construction Project when he sustained a work-related injury. *Id.* at 52. Plaintiff submitted a claim to the Virgin Islands Workers' Compensation Administration regarding his injury. *Id.* Thereafter, in a letter dated April 20, 2011, the Virgin Islands Workers' Compensation Administration informed Genoa that Genoa was in violation of the Virgin Islands Workers' Compensation Act (hereinafter "VIWCA") — namely, Section 272(a) of Title 24 of the Virgin Islands Code[2] — for failure to secure workers' compensation insurance. *Id.*

In May 2011, Plaintiff filed a lawsuit against Genoa, Ken Brown (hereinafter "Brown"), and GEC, LLC as defendants.[3] (Compl.) Plaintiff

---

[1] This memorandum opinion recites the factual background only to the extent necessary to explain the present issues and the bases of the Court's decision.

[2] Title 24 V.I.C. § 272(a) provides: "Every employer shall secure the payment of compensation under this chapter by insuring with the Government Insurance Fund created by this chapter."

[3] Plaintiff originally named General Engineering Corporation instead of GEC, LLC as a defendant in the initial complaint. Plaintiff subsequently filed a first amended complaint removing General Engineering Corporation as a defendant and adding GEC, LLC as a defendant.

appeared to allege a negligence cause of action against Defendants[4] and sought damages along with costs and fees. *Edward*, 67 V.I. at 52. Defendant GEC filed an answer in response to Plaintiff's first amended complaint, listing the following affirmative defenses: (1) Plaintiff's Complaint fails to state a cause of action which merits a legal or equitable remedy; (2) Defendant is not responsible for Plaintiff's injuries. If such injuries were caused, they were due to Plaintiff's own fault; (3) If Plaintiff is suffering from injuries, these were the result of a pre-existing or aggravating conditions or parties over which this party has no control; (4) Defendant was not negligent, but if Plaintiff suffered injuries there were not the result of any act or omission on the part of Defendant; (5) Plaintiff's own fault and carelessness was the cause of his injuries, as a result he is barred from prosecuting this suit; (6) Defendant reserves the right to amend his answers at any time prior to or during trial to assert any affirmative defenses that is established by the evidence. (Answer, p. 1-2.) Thereafter, in an order dated January 17, 2013, the Court dismissed this action with prejudice as to Genoa and Brown pursuant to their stipulation.[5] *Edward*, 67 V.I. at 52.

On October 22, 2015, Defendant GEC filed its first motion for summary judgment. The Court subsequently denied Defendant GEC's motion for summary judgment and explained that:

> While Defendant GEC wishes to invoke the immunity protection pro-vided by Section 284, Defendant GEC failed to provide any evidence

---

[4] Plaintiff did not plead any claims by name in his three-page First Amended Complaint containing 18 paragraphs. The Court has taken a liberal view of the First Amended Complaint to infer plausible causes of action since "[p]leadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Based on the following paragraph, the Court construed the First Amended Complaint to allege a negligence cause of action against Defendants:

> 17. Defendant GEC, LLC so controlled the work being done by Genoa and Brown and failed to provide the Plaintiff with the needed equipment among other acts of negligence.

> 18. As a direct and proximate result of the Defendants' negligent acts and omissions, the Plaintiff suffered physical injuries, medical expenses, loss of income, loss of capacity to earn income, mental anguish, pain and suffering and loss of enjoyment of life all of which are expected to continue into the foreseeable future.

[5] On January 9, 2013, Plaintiff and Genoa and Brown filed a stipulation for Plaintiff to dismiss Genoa and Brown with prejudice. Defendant GEC filed a subsequent motion requesting the Court to set aside the dismissal of Genoa and Brown, but ultimately, the Court denied Defendant GEC's motion and did not set aside the dismissal of Genoa and Brown.

that Section 284 is applicable in this instance. Defendant GEC never claimed that, on the date of the incident, it was an insured employer under the VIWCA or that it was an employer in a certificate of insurance. Furthermore, no such certificate of insurance, or affidavits or documents to that effect was attached to Defendant GEC's Motion. In fact, Defendant GEC was silent with regard to this issue in its Motion, and even after Plaintiff questioned whether Defendant was an employer named in a certificate of insurance in his Opposition, Defendant GEC remained silent in its Reply. The Court finds that, in moving for summary judgment, Defendant GEC failed to meet its burden to provide proof showing that no dispute remains regarding its immunity from Plaintiff's lawsuit under the VIWCA. *Edward*, 67 V.I. at 58.

The Court went on to explain that "in light of the Court's finding, the Court need not reach the remaining arguments raised by Plaintiff — namely: (1) that Plaintiff was a borrowed employee of Defendant GEC on the date of the incident; (2) that Defendant GEC and Genoa did not have a contractor-subcontractor relationship on the date of the incident; and (3) that Defendant GEC waived this immunity defense under the VIWCA — because regardless of the outcome, Defendant GEC is still not entitled to immunity from Plaintiff's lawsuit under the VIWCA because there is no evidence that Defendant GEC was an insured employer under the VIWCA on the date of incident or that it was an employer named in a certificate of insurance on the date of incident" but noted that it will address these arguments at a later time if necessary. *Id.* at 58-59.

On October 3, 2016, at the request of Defendant GEC, the Court entered an order, *inter alia*, taking judicial notice of the existence of Defendant GEC's Certificate of Government Insurance Coverage. On December 14, 2016, Defendant GEC filed this instant Renewed Motion. In support of its Renewed Motion, Defendant GEC attached as Exhibit 5, a copy of its Certificate of Government Insurance Coverage, dated February 9, 2011, indicating that Defendant GEC is entitled to the rights and benefits of the insurance coverage established under VIWCA for the period from January 1, 2011 to December 31, 2011 (hereinafter "Certificate"). Upon review of Defendant's GEC's Renewed Motion, the Court subsequently *sua sponte* scheduled a show cause hearing on January 19, 2017, and ordered Defendant GEC to show cause why it should not be sanctioned for its belated production of the Certificate.

Thereafter, the Court noticed that it misspoke in taking judicial notice of the existence of Defendant GEC's Certificate in its October 3, 2016 order[6] and subsequently entered a *sua sponte* order vacating the judicial notice.

On January 19, 2017, parties appeared before the Court for the scheduled show cause hearing. Defendant GEC indicated that it produced the Certificate as soon as it got it, and noted that perhaps it should have been produced earlier, but explained that the belated production was merely an oversight. Defendant GEC argued that the belated production is not prejudicial to Plaintiff because it did not come as a surprise to Plaintiff; Defendant GEC has been raising the immunity protection under the VIWCA for some time now. Defendant GEC further argued that the immunity protection under the VIWCA actually deprives the Court of subject matter jurisdiction, a defense that can be raised at any time. In response, Plaintiff argued that this is not a jurisdictional issue. More specifically, Plaintiff argued that this is an affirmative defense that was never raised in the pleadings and therefore, it has been waived. In support of his argument, Plaintiff cited to a Supreme Court of the Virgin Islands (hereinafter "Supreme Court") case, *Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529 (V.I. 2015).[7] Plaintiff also pointed out that while it may be an oversight when Defendant GEC failed to produce a copy of the Certificate with its first motion for summary judgment, filed on October 13, 2011, it is no longer an oversight when Defendant GEC failed to produce the Certificate for over a year thereafter. Plaintiff argued that this is especially true given that the Court denied Defendant GEC's first motion for summary judgment because Defendant GEC failed to provide any evidence that Section 284 of Title 24 of the Virgin Islands Code is

---

[6] In the October 3, 2016 order, the Court stated that "the issuance of a certificate to employers [by the Virgin Islands Department of Labor] is a generally known fact in this jurisdiction that cannot be questioned or disputed." Therefore, the Court concluded that it "should take judicial notice of the existence of the certificate." However, instead of taking judicial notice of the fact that "the certificates of workers' compensation are issued by the Virgin Islands Department of Labor," the Court misspoke and took judicial notice of the existence of Defendant GEC's Certificate.

[7] While Plaintiff implied that *Rennie* supported his assertion that the immunity protection under VIWCA is an affirmative defense that can be waived if not raised at the earliest stage, that is not what the Supreme Court held. The Supreme Court only held that affirmative defenses must be raised at the earliest stage or else it is waived. 62 V.I. at 536. The Supreme Court did not hold in *Rennie* that the immunity protection under VIWCA is a waivable affirmative defense.

215

applicable in this instance. Furthermore, Plaintiff asserted that, because of Defendant GEC's belated production of the Certificate, Plaintiff is deprived of the opportunity to verify certain things, such as whether the payment was backdated, whether they were actually contractors, etc. After hearing arguments from both sides, the Court took the matter under submission.

## STANDARD OF REVIEW

A moving party will prevail on a motion for summary judgment where the record shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Walters v. Walters*, 60 V.I. 768, 794 (V.I. 2014); *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008). As to materiality, "only those facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 195 (internal quotation marks omitted).

The moving party must support the motion by "identify[ing] those portions of the record that demonstrate the absence of a genuine issue of material fact." *Chapman v. Cornwall*, 58 V.I. 431, 436 (V.I. 2013). If the moving party does so, then "the burden shifts to the non-moving party to present affirmative evidence from which a jury might reasonably return a verdict in his favor." *Id.* (internal quotation marks omitted). The nonmoving party then has the burden of "set[ting] out specific facts showing a genuine issue for trial." *Williams*, 50 V.I. at 195 (internal citation omitted). "[T]o survive summary judgment, the nonmoving party's evidence must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Id.* (internal quotation marks omitted).

The Court must view all inferences from the evidence in the light most favorable to the nonmoving party, and take the nonmoving party's conflicting allegations as true if properly supported. *Id.*; *see also Walters*, 60 V.I. at 794; *Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 59 V.I. 522, 527; *Joseph v. Hess Oil V.I. Corp.*, 54 V.I. 657, 668 (V.I. 2011). In deciding a motion for summary judgment, the Court's role is not to determine the truth, but to determine whether a factual dispute exists that warrants a trial on the merits. *Williams*, 50 V.I. at 195. Where such a factual dispute exists, the Court must deny the motion for summary judgment. *Sealey-Christian v. Sunny Isle Shopping Ctr.*, 52 V.I. 410, 423

(V.I. 2009). "Because summary judgment is a drastic remedy, it should be granted only when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Williams*, 50 V.I. at 194-95 (citation and internal quotation marks omitted).

## DISCUSSION[8]

In its Renewed Motion, Defendant GEC argued that, in light of "the Court's Judicial Notice of [Defendant GEC] being in compliance with its Workers' Compensation Act obligations," it is entitled to the immunity protection under VIWCA. (Renewed Motion, p. 2.) In support of its assertion, Defendant GEC attached a copy of the Certificate as Exhibit 5 of its Renewed Motion. Defendant GEC argued that the Court must "initially examine whether [Plaintiff] is barred from pursuing this cause against [Defendant GEC] by virtue of the prohibition in the Workers' Compensation Statute set forth at [Title] 24 V.I.C. § 284." (Renewed Motion, p. 6.) Defendant GEC reasoned that, as a result of its subcontractor Genoa's failure to secure workers' compensation insurance for Plaintiff in violation of the VIWCA, Defendant GEC — the general contractor — became the employer of Plaintiff under Section 284(b). (*Id.*, at p. 7.) Defendant GEC further reasoned that, as the employer of Plaintiff, it is immune from lawsuit filed by Plaintiff pursuant to Section 284(a), which provides that the right established under VIWCA is the injured employee's exclusive remedy against the employer. (*Id.*, at p. 7-15.) Thus, Defendant GEC argued that it is entitled to judgment as a matter of law and requested the Court to grant its Renewed Motion.

In his Opposition, Plaintiff argued that the Court should deny Defendant GEC's Renewed Motion because it was filed after the deadline set by the Court. (Opp., p. 1.) Without waiving the aforementioned argument, Plaintiff also raised the following arguments in opposition to Defendant GEC's Renewed Motion: (1) Defendant GEC waived its right to assert the immunity protection under VIWCA: Defendant GEC "never raised as an affirmative defense nor raised in a disposition motion until the filing of its [first] summary judgment motion on October 23, 2015,

---

[8] Unless otherwise specified, all references herein to "Sections" are references to Title 24 of the Virgin Islands Code.

approximately 4 1/2 years after litigation commenced." *Rennie*, 62 V.I. at 536 (affirmative defenses must be raised at the earliest stage or else it is waived). (*Id.*, at p. 9); (2) There is no general contractor immunity: Defendant GEC is a statutory employer and not an actual employer and Section 284(b) explicitly states that "[t]he 'statutory employer and borrowed servant' doctrine are not recognized in this jurisdiction" and the Supreme Court specifically noted in *Defoe v. Phillip*, 56 V.I. 109, 129, n.10 (V.I. 2012), that "[S]ections 263a and 284(b) *expressly exclude contractors and subcontractors and — by extension — employees of contractors and subcontractors from the scope of VIWCA immunity.*" (Opp., p. 12.) (emphasis in original); (3) Defendant GEC is not entitled to the immunity protection under VIWCA: "Plaintiff was Defendant GEC's borrowed employee on the date of the incident, and as such is not precluded from bringing a tort action against [Defendant] GEC." (*Id.*, p. 14.) Furthermore, the "record is devoid of any evidence demonstrating that on March 8, 2011, the date of Plaintiff's incident, [Defendant] GEC had a contractor-subcontractor relationship with Genoa" and "the evidence in the record demonstrates otherwise." (*Id.*, at p. 16.) Additionally, Defendant GEC failed to authenticate its Exhibit 5 and "[b]ecause Defendant [GEC] has failed to produce this purported [VI]WCA certificate during discovery or at any time prior to the eve of trial, Plaintiff has had no opportunity to inquire of the [VI]WCA as to the document's authenticity, or if [Defendant] GEC, at all times relevant, paid their premiums under the certificate." (*Id.*, at p. 22.) Accordingly, Plaintiff argued that the Court should deny Defendant GEC's Renewed Motion.

In its Reply, Defendant GEC responded that its Renewed Motion was timely filed (Reply, p. 1). As to Plaintiff's assertion that Defendant GEC waived its right to assert the immunity protection under VIWCA, Defendant GEC argued that the immunity protection under Section 284 is not a waivable affirmative defense but "a statutory prohibition as to the plaintiff's claim which renders the Court without subject matter [jurisdiction]." (*Id.*, at p. 2.) As to Plaintiff's assertion that there is no general contractor immunity, Defendant GEC pointed out that the Supreme Court did not abrogate general contractor immunity under Section 284(b) in *Defoe*, as implied by Plaintiff, and that Plaintiff himself acknowledged in his opposition that "[w]hile it is true that when a subcontractor is uninsured, a contractor steps into the shoes of that subcontractor and becomes the employer of the subcontractor's

employee, and thereby avails itself to the immunity defense of [Title] 24 V.I.C. § 284, which would warrant it a grant of such immunity." (*Id.,* at p. 4-5.). As to Plaintiff's assertion that it is not entitled to the immunity protection under VIWCA, Defendant GEC responded that (1) Defendant GEC never argued that Plaintiff was a borrowed employee on the date of his injury, and it is in fact, undisputed that Plaintiff was an employee of Genoa on the date of his injury (*Id.,* at p. 5); (2) Defendant GEC cited to *Paez v. Pittsburgh-Dimoine Corporation,* 21 V.I. 237 (1985) and noted that "[p]ursuant to [Title] 24 V.I.C. § 250 it is held that said chapters is applicable to all employers including contractors and subcontractors to employ one or more employees and to all employees except who fall within exceptions"; (3) Defendant GEC is entitled to the immunity protection under VIWCA because the Court took judicial notice of the existence of Defendant GEC's Certificate of Workers' Compensation (*Id.,* at p. 5).[9]

### 1. Defendant GEC is Not Entitled to Summary Judgment in its Favor

The Court will note at the outset that Defendant GEC's Renewed Motion was timely filed. On December 7, 2016, the Court entered an order granting Defendant GEC's motion for leave to file summary judgment and directing Defendant GEC to file its renewed motion for summary judgment within seven days from the entry of said order. Defendant GEC filed this instant Renewed Motion on December 14, 2016.

### A. The Court has Jurisdiction Under VIWCA to Determine Whether an Employer is Insured.

█ The VIWCA, codified as Title 24 V.I.C. §§ 250 through 292, "is designed to provide prompt payment of benefits without regard to fault; and to relieve employers and employees of the burden of civil litigation." *Robles v. Hovensa, LLC,* 49 V.I. 491, 495 (V.I. 2008). The VIWCA "creates a trade-off in legal rights." *Robles,* 49 V.I. at 495. To that end, VIWCA requires every employer to be insured with the Government Insurance Fund. Title 24 V.I.C. § 272(a). To secure insurance coverage

---

[9] Defendant GEC filed this instant Renewed Motion before the Court entered its order vacating the judicial notice.

under the VIWCA, the employer is required to satisfy certain requirements. The employer must file with the Commissioner of Finance "an actual report for the previous year and an estimated report for the current year, showing the number of workmen employed by said employer, the kind of occupation or industry of the workmen, the total amount of wages paid and to be paid and the amount of premium payable." Title 24 V.I.C. § 273(a). The annual premium prescribed may be paid in two installments: first must be paid on or before March 31st and must consist of one-half or more of the annual premium plus any additional premium due; and the second must be paid on or before June 30th and must consist of the remaining portion of the premium. Title 24 V.I.C. § 273(c). "On receipt of payment, the Commissioner of Finance shall forward to the employer a receipt which shall be prima facie evidence of said payment of the premium and insurance coverage." Title 24 V.I.C. § 273(d). If an employer "fail to pay the total amount of the preliminary or additional premiums legally levied on him within the time fixed by the Commissioner of Finance, the latter may grant an extension of thirty (30) days so that the employer may make payment in full, which shall be an indispensable requirement for the Administrator to make an insurance policy." Title 24 V.I.C. § 273(g). "The insurance of each employer shall be in force immediately after his statement has been filed with the Commissioner of Finance together with the amount of the premium corresponding to the wages declared in said statement and in accordance with the rates fixed by the Commissioner of Finance, provided that an accident that occurs before payment of said premium is made shall be considered as a case of an uninsured employer, unless the employer pays within the term fixed by the Commissioner of Finance, in which case, the insurance shall become effective from the date the employer filed the statement." Title 24 V.I.C. § 272(b). Additionally, "[a]ny employer who has been covered by the Government Insurance Fund at the end of the preceding year shall be covered during the period January 1st to March 31st, provided that such employer submits the necessary reports to the Government Insurance Fund no later than February 28th, and pays the premium due by March 31st." Title 24 V.I.C. § 272(c). "Every employer who has not filed the required reports and paid the premium due to which this section refers within the term herein fixed shall be considered an uninsured employer." *Id.* Insured employers are required under Section 279 to "keep a true and accurate record of the number of his employees and of the wages paid by him." Title 24 V.I.C. § 279.

■ If the employer is insured under the VIWCA, then the injured employee has only one remedy against the employer — namely, to obtain compensation from the Workers' Compensation Administration — and the employer is immune to lawsuit pursuant to the exclusive remedy provision of the Section 284. However, if the employer is uninsured, "[t]he injured employee . . . instead of receiving compensation under this chapter may elect, at any time prior to the rendering of a decision by the Administrator, to bring suit for damages against the employer, just as if this chapter were not applicable." Title 24 V.I.C. § 261(b)(1).

The Supreme Court of Puerto Rico, interpreting language in Puerto Rico's Workmen's Compensation statute that is essentially the same as the language of Section 261(b)(1), held that "the determination of whether an employer is uninsured — in order to decide whether the employee can bring a suit — is for the court." *Bertrand v. Cordiner Enters., Inc.*, 55 V.I. 267, 279, n.35 (Super. Ct. 2011) (citing *Velez Sanchez v. Comision Industrial*, 7 P.R. Offic. Trans. 867, 107 P.R. Dec. 797 (1978)).[10] Specifically, the Supreme Court of Puerto Rico held:

> [t]he determination of the uninsured-employer status by the State Insurance Fund is the first step in the administrative proceeding that shall continue before the Commission but it is by no means a prerequisite and must less a jurisdictional requisite for the adjudication of the matter in issue in the judicial sphere. *Velez Sanchez*, 7 P.R. Offic. Trans. 867, 107 P.R. Dec. 797.

■ Thus, like the *Bertrand* court, the Court similarly finds that, "although the Workers' Compensation Administration retains the role of determining whether an employer is insured. . . , that does not deprive the Court of jurisdiction to determine whether an employer is insured or uninsured for the purpose of determining whether a plaintiff has stated a claim for relief." 55 V.I. at 279. This interpretation is consistent with the plain language of the VIWCA. *People of the V.I. v. Baxter*, 49 V.I. 384, 388 (V.I. 2008) ("[W]e begin interpreting a statute by examining the

---

[10] The *Bertrand* court noted that "Because [Section 261] was modeled after 11 Laws of Puerto Rico Ann. § 16, decisions from the Supreme Court of Puerto Rico interpretation [11 Laws of Puerto Rico Ann. § 16] that were issued after the Virgin Islands adopted the provision constitute persuasive authority" and cited to *Nickeo v. Atlantic*, 45 V.I. 149, 153 (Terr. Ct. 2003). 55 V.I. 267, 279 n.35.

literal and plain language of the statute.") (citation omitted). To hold that VIWCA deprives the Court of jurisdiction to determine whether an employer is insured or uninsured for the purpose of determining whether a plaintiff has stated a claim for relief would require the Court to add language into VIWCA that does not currently appear in it. *See Sonson v. People of the V.I.*, 59 V.I. 590, 601-02 (V.I. 2012) (the Supreme Court noted that it cannot add language into a statute which was not originally included in the statute "under the guise of construing the statute"). Moreover, when the *Bertrand* court subsequently certified, *inter alia*, the question "whether an employer must comply with all of the statutory provisions of [VIWCA] in order to be considered an insured employer" for immediate appeal, the Supreme Court answered the question in the affirmative and made it very clear that an "employer's status as an insured employer under VIWCA is a mixed question of law and fact." *Island Tile & Marble, LLC v. Bertrand,* 57 V.I. 596, 612 (V.I. 2012). As such, the immunity protection under the VIWCA is not "a statutory prohibition as to the plaintiff's claim which renders the Court without subject matter [jurisdiction]," as Defendant GEC asserted. Similarly, the immunity protection under the VIWCA is also not a waivable affirmative defense, as Plaintiff asserted.

### B. The Certificate is Prima Facie Evidence, not Conclusive Evidence, that Defendant GEC is an Insured Employer under VIWCA.

 As noted above, an "employer's status as an insured employer under VIWCA is a mixed question of law and fact." *Island Tile*, 57 V.I. at 612. In support of ruling, the Supreme Court cited to Section 273(d), which provides that "[o]n receipt of payment, the Commissioner of Finance shall forward to the employer a receipt which shall be prima facie evidence of said payment of the premium and insurance coverage." *Id.* As such, the Supreme Court found that "a Certificate of Government Insurance Coverage constitutes 'prima facie evidence' that an employer is insured under the VIWCA." *Id.*, 57 V.I. at 624. The Supreme Court explained that "the term prima facie evidence is such a term of art, and means [e]vidence that will establish a fact or sustain a judgment *unless contradictory evidence is produced.*" *Id.*, 57 V.I. at 625 (emphasis in original) (citation and internal quotation marks omitted). In other words, a Certificate of Government Insurance Coverage only establishes a

rebuttable presumption that an employer is insured under the VIWCA. *Id.* While the Supreme Court did not list the criteria an employer must meet to obtain the status as an insured employer, the Supreme Court pointed to Section 272(c), which provides that "[e]very employer who has not filed the required reports and paid the premium due to which this section refers within the term herein fixed shall be considered an uninsured employer." *Id.* Accordingly, the fact that Defendant GEC produced a copy of the Certificate does not, in and of itself, mean that it is entitled to the immunity protection under VIWCA.

### C. There is a Material Dispute as to the Business Relationship Between Defendant GEC and Plaintiff on the Date of Incident.

█ Under Section 284(b), "a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to comply with the provisions of this chapter with respect to being an insured employer." While Defendant GEC and Genoa did enter into a written contract — the "Purchase Order Subcontract Agreement" — it was not executed until after the date of incident. And while Defendant GEC argued that the "Purchase Order Subcontract Agreement" is retroactive, there is no language therein indicating that it was intended to be retroactive. This means that, on the date of incident, there was no written agreement in place regarding the business relationship between Defendant GEC and Genoa. Plaintiff noted in his Opposition that, "[i]n fact, it could be reasonably inferred from the record that Genoa was merely an independent contract labor broker" and that Defendant GEC and Genoa did not have a contractor-subcontractor relationship. (Opp., p. 19.) As such, there is a material dispute as to the business relationship between Defendant GEC and Genoa on the date of incident.

### CONCLUSION

Based on the foregoing, the Court finds that Defendant GEC is not entitled to judgment as a matter of law. Accordingly, the Court will deny Defendant GEC's Renewed Motion. An Order consistent with this Memorandum Opinion will follow.